In re Proposed Incorporation of the VILLAGE OF PLEASANT VALLEY.

No. 22126.

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1954.

Williams & Norton, North Kansas City, for appellants.

Robert F. Sevier, Liberty, amicus curiæ.

BOUR, Commissioner.

This is an appeal from a judgment of the circuit court of Macon County, affirming an order of the county court of Clay County denying a petition for incorporation of a certain area of land in Clay County as the Village of Pleasant Valley.

On November 5, 1952, a petition was filed in the county court of Clay County, which petition, omitting the caption and the signatures thereto, reads as follows:

"Now come the undersigned, more than two-thirds of the taxable inhabitants of the area of land hereinafter specifically described, and pray the court that said area and the inhabitants thereof be incorporated under a police established for their local government, all as provided by Section 80.020 of the Revised Statutes of Missouri for 1949 [V.A.M.S.], which said real estate so proposed to be incorporated under the name stated in the caption hereof is described as follows, to wit:

"Beginning at a point where the east and west center line of Section 14, in Township 51, Range 32, in Clay County, Missouri, intersects the northwesterly line of the right of way of U. S. Highway No. 69, as now located, thence southwesterly in said right of way line to the intersection thereof with the east and west center line of Section 22, in said township and range, thence west two and one-half miles, more or less, to the center of Section 20, in said township and range, thence north two miles, more or less, to the center of Section 8, in said township and range, thence east one and one-half miles, more or less, to the northeast corner of the southeast quarter of Section 9, in said township and range, thence south one mile to the northeast corner of the southeast quarter of Section 16, in said township and range, thence east one and

one-half miles, more or less, to the point of beginning.

"Petitioners further state that there are no commons included within said area sought to be incorporated.

"All of which is respectfully submitted."

The petition, which was not verified, purported to have been signed by 109 persons. It consisted of four separate papers each identical as to text, differing only as to the purported signatures appearing thereon.

On November 7, 1952, a "remonstrance" was filed in the county court of Clay County requesting "that the court deny said petition for incorporation." The so-called "remonstrance" bore the purported signatures of Neil Barron and 29 other persons alleged to be owners of land "located within the area described in the petition for the incorporation of Pleasant Valley."

On November 20, 1952, the county court made and entered of record the following findings and order:

"Now on this 20th day of November, 1952, come the petitioners herein and present their petition for incorporation as a village in the state of Missouri. And the court having read the said petition and heard the evidence adduced finds that the court is not satisfied that the signatures on said petition constitute two-thirds of the taxable inhabitants of said proposed village and further finds that the prayer of said petition is unreasonable.

"It is therefore ordered and decreed that the petition for incorporation of the village of Pleasant Valley be and is hereby denied."

Four of the petitioners appealed from the above order "on behalf of themselves and the other petitioners to the Circuit Court of Clay County." A transcript of the proceedings in the county court was filed in the circuit court. The transcript consists of the petition for incorporation, the remonstrators' written objection to the incorporation, the notice of appeal (designated an "Affidavit and Application for Appeal"), and the orders made and entered of record by the county court. This transcript contains no testimony or other evidence.

On December 22, 1952, the City of Kansas City, Missouri, filed in the circuit court of Clay County an application to intervene in this proceeding. The record recites that on January 13, 1953, the court announced that said application to intervene "will be refused and said Kansas City, Missouri, requests two weeks from this date to seek a writ of prohibition which request is granted." On December 29, 1952, Neil Barron and Gladys Barron filed an application to intervene, alleging that they were owners of certain real estate located within the area described in the petition for incorporation of said area as a village. Their application was denied on January 13, 1953.

Thereafter the City of Kansas City, Missouri, filed in the Supreme Court a petition for a writ of prohibition to restrain the Honorable James S. Rooney, judge of the circuit court of Clay County, from exercising jurisdiction over said proceeding; and Neil Barron and Gladys Barron likewise petitioned the Supreme Court for a writ of prohibition to Judge Rooney. Both petitions were denied by the Supreme Court en banc in an opinion handed down on February 9, 1953. See Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626.

On March 2, 1953, the circuit court of Clay County entered an order denying the application of the City of Kansas City to intervene in the case. Thereafter the case was transferred to the circuit court of Macon County on petitioners' (appellants') application for change of venue. After the case was so transferred, the circuit court of Macon County entered an order which states that five attorneys (naming them) "are hereby appointed amicus curiae in this case." Petitioners then filed what they called a "Motion for Ouster of Amicus Curiae", and a "Motion for Judgment on the Record." The case was set for hearing in the circuit court of Macon County on April 18, 1953. Petitioners were represent-

ed by counsel and two of the five attorneys mentioned above appeared as amici curiae. The "Motion for Ouster of Amicus Curiae" was heard and overruled; and the "Motion for Judgment on the Record" was heard and taken under advisement.

The record shows that four witnesses testified for the petitioners at the hearing in the circuit court on April 18, 1953. Their testimony was to the effect that they signed the petition for the incorporation of the Village of Pleasant Valley; that they owned real estate located within the area described in the petition and paid taxes thereon; that the petition had been signed by two-thirds of the taxable inhabitants of said area; that said area had no fire department, no police force, and no sewers; that said area was not subject to any zoning laws or building codes; and that the roads within the area were not in good condition. Each of the witnesses stated, in answer to questions asked by the court, that he did not testify before the county court or appear before the county court in support of the petition for incorporation. When the testimony of the four witnesses was offered, the attorneys appearing as amici curiae objected to the introduction of any evidence on the ground that the circuit court could not "hear the case de novo", whereupon the court announced that the testimony would be received conditionally, and that a ruling on its admissibilty would be made at the close of the case. After the four witnesses testified, the case was submitted and taken under advisement.

At the request of petitioners, the court prepared and filed an opinion in the case. We do not deem it necessary to set out that opinion in full. It is sufficient to say that the court ruled that the testimony which it admitted "conditionally" was not admissible; and that the court stated in its opinion that it had "excluded from consideration all oral testimony offered upon the trial of this cause", and had "considered only the record in the case as contained in the transcript transmitted by the Clerk of the County Court of Clay County, Missouri, to the Clerk of the Circuit Court of Clay County, Missouri." The court con-

cluded that the order of the county court should be affirmed, and judgment was entered accordingly. Petitioners' motion for a new trial was overruled and they appealed to the Supreme Court. That court found that it did not have jurisdiction of the appeal and transferred the case to this court.

Petitioners' first contention is to the effect that the circuit court erred in affirming the order of the county court, because that order was not supported by competent and substantial evidence upon the whole record.

Section 80.020 RSMo 1949, V.A.M.S., reads in part as follows:

"Whenever two-thirds of the taxable inhabitants of any town or village within this state shall present a petition to the county court of the county, setting forth the metes and bounds of their village and commons, and praying that they may be incorporated under a police established for their local government, and for the preservation and regulation of any commons appertaining to such town and village, *and the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of such petition is reasonable,* the county court may declare such town or village incorporated, designating in such order the metes, and bounds thereof, and thenceforth the inhabitants within such bounds shall be a body politic and corporate, by the name and style of 'The town of . . . . . .' naming it and by that name they and their successors shall be known in law;  * * *." (Italics ours.)

To repeat, the order of the county court states that "the court having read the said petition *and heard the evidence adduced* finds that the court is not satisfied that the signatures on said petition constitute two-thirds of the taxable inhabitants of said proposed village and further finds that the prayer of said petition is unreasonable." (Italics ours.)   It will be remembered that the transcript of the proceedings in the county court contains no evidence.

In Kansas City v. Rooney, supra, where the relators (Kansas City, Neil Barron and Gladys Barron) petitioned the Supreme Court to issue its writ prohibiting the judge of the circuit court of Clay County from proceeding in the appeal taken from the order of the county court, it was contended that there could be no appeal from such an order. The Supreme Court en banc said, 254 S.W.2d loc. cit. 627:

"We do not agree with relators' conclusions. An appeal from the judgments and orders of County Courts is authorized by Section 478.070. See In re City of Uniondale, 285 Mo. 143, 225 S.W. 985; In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59; see also Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996. The procedure to be followed and the scope of review on such an appeal is provided by Section 49.230. However, the 1945 Constitution has taken all judicial power from the County Court so that it is no longer a judicial court but has become an administrative body. Section 22 of Article V of the Constitution authorizes appeals from decisions of administrative bodies and provides the scope of review. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649. Therefore, the scope of review on any appeal from the County Court is that provided by Section 22, Article V. As we held in the Wood case, all previous statutes are amended by substituting the provisions of Section 22, Article V, for any scope of review previously stated, because the constitutional standard of review 'is mandatory and requires no legislation to put it into effect.' Thus, the provision in Section 49.230 that a circuit court on an appeal from a county court 'shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court', has been repealed by Section 22, Article V, and the scope of review stated in said constitutional provision substituted therefor,

namely: 'such review shall include the determination * * * whether the same are supported by competent and substantial evidence upon the whole record.'

"In other words, review by a Circuit Court of decisions of a County Court are now on the same basis as review of awards of Workmen's Compensation or orders of the Public Service Commission. As we recently pointed out in Michler v. Krey Packing Company [363 Mo. 707], 253 S.W.2d 136, 142, decisions of administrative tribunals are not reviewed de novo because courts have no authority to make findings of fact in such cases. An administrative tribunal 'is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.' This 'does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence.'

"Therefore, the Circuit Court of Clay County has jurisdiction of the appeal and prohibition should be denied."

In support of their contention that the circuit court erred in affirming the order of the county court, petitioners assert that they "made a *prima facie* case for incorporation" by filing the petition in the county court; that since the transcript of the proceedings in the county court contains no testimony, "the evidence consists solely of the petition requesting incorporation" and "there being no evidence to the contrary the order and judgment of the county court is contrary to the overwhelming weight of the evidence." We do not agree with petitioners' argument.

■ The petition here involved contains an allegation to the effect that the required number of qualified persons had signed the petition; but the mere filing of the petition, which was not verified, did not prove the truth of the averments therein or make "a *prima facie* case for incorporation." The statute, Section 80.020, provides that if "the court shall be satisfied that two-thirds of the taxable inhabitants of such town or village have signed such petition, and that the prayer of such petition is reasonable, the county court may declare such town or village incorporated * * *." As stated twice before, the record of the county court recites that "the court having read the said petition and heard the evidence adduced is not satisfied", etc., and "further finds that the prayer is unreasonable." In view of this record we must assume that the county court did hear evidence before making its findings and order.

■ It appears, however, that the transcript of the proceedings in the county court contains no testimony or other evidence. On the record presented we cannot hold that the order of the county court was *not* supported by competent and substantial evidence; that the county court could *not* reasonably have made its findings, and reached its result, upon consideration of all of *the evidence before it*; and that the order in question is clearly contrary to the overwhelming weight of the evidence.

■ Petitioners further state, as an "alternative point", that they "should have been granted a new trial for the reason that the trial court erred in not admitting competent, relevant and material evidence offered by the appellants in support of the application for incorporation." In this connection they point out that the circuit court refused to consider the testimony of the four witnesses heretofore mentioned and "considered only the transcript transmitted by the clerk of the county court." As appears above, the Supreme Court held in Kansas City v. Rooney that "the provision in Section 49.230 that a circuit court on an appeal from a county court 'shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court', has been repealed by Section 22, Article V, and the scope of review stated in said constitutional provision substituted therefor * * *." The point is ruled against petitioners.

■ Petitioners' last point is that the circuit court erred in overruling their "Motion for Ouster of Amicus Curiae." Since the court's ruling on that motion was not assigned as error in petitioners' motion for a new trial, it has not been preserved for review. 42 V.A.M.S. Supreme Court Rule 3.23.

The judgment of the circuit court should be affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment of the circuit court is affirmed.

All concur.