STATE of Missouri ex rel. Alfred A. BAUMANN, Respondent,

v.

John J. QUINN, Excise Commissioner of the City of St. Louis, State of Missouri, Appellant.

No. 47897.

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Thos. J. Neenan, City Counselor, James J. Gallagher, Asst. City Counselor, St. Louis, for defendant-appellant John J. Quinn, Excise Commissioner of the City of St. Louis.

Sorkis J. Webbe, St. Louis, for respondent.

WESTHUES, Presiding Judge.

Alfred A. Baumann was the operator of a tavern in the City of St. Louis, Missouri. On March 31, 1959, a hearing was held before John J. Quinn, Excise Commissioner of the city, on a charge that Baumann had sold intoxicating liquor to minors. The Commissioner revoked Baumann's license "effective 12.01 A.M., April 2nd, 1959." Baumann filed a petition in the Circuit Court of the City of St. Louis for a review. That court set aside the revocation on the ground that Sec. 536.070, Subsection 4, V.A. M.S., 1959 Cumulative Annual Pocket Part, was unconstitutional. The costs were assessed against the defendant Excise Commissioner. The Excise Commissioner appealed to this court.

The Circuit Court held that the section of the statutes, supra, was unconstitutional because it violated Article V, Sec. 22 of the 1945 Missouri Constitution, V.A.M.S. Note what the trial court said in its order:

"1. That Section 536.070, paragraph 4 Revised Statutes of Missouri, Cum.Supp. 1957, is unconstitutional, void and of no effect in so far as it provides that a party in hearing before an administrative agency must request that the proceedings be recorded at his own expense whenever the agency does not regularly cause its proceedings to be suitably recorded, for the reason that the decisions and orders of the Excise Commissioner of The City of St. Louis, are subject to direct review by the courts and such review includes the determination whether the decision and order is supported by competent and substantial evidence upon the whole record, as required by Article V, Section 22 of the Constitution of Missouri, 1945.

"2. That it was the duty of the Excise Commissioner of The City of St. Louis to properly and suitably record all testimony and all evidence adduced in the hearing of Alfred A. Baumann, and the Excise Commissioner cannot place the burden on the plaintiff to suitably record the hearing at his own expense."

Paragraph 4 of Sec. 536.070, supra, reads as follows: "At the request and expense of any party or parties each agency shall cause all proceedings in hearings before it to be suitably recorded and preserved, provided, however, if the agency regularly causes proceedings before it to be suitably recorded by its own employees there shall be no charge for such employee's services. Any party may have a copy of all or any part of the record of any proceeding upon payment of the proper charges therefor."

Sec. 22 of Article V, supra, reads: "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination

whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."

The record shows Baumann was given written notice that the Excise Commissioner did not provide stenographers to record and preserve evidence at a hearing; further, that if any party desired such a recording of the evidence, arrangements should be made therefor. Baumann did not make any request for the recording of the evidence.

The sole question presented on this appeal is whether under the Constitution, Sec. 22 of Article V, quoted supra, the Excise Commissioner of the City of St. Louis, Missouri, is required, even though no request therefor is made, to have the evidence presented at a hearing recorded and preserved. We are of the opinion that he is not required to do so.

██ Sec. 22 of Article V, supra, does not prescribe a method of review. The method and procedure have been provided for by statute. Sec. 536.070, supra, governs the recording of evidence. The constitutional provision imposes upon the courts the duty of reviewing the question of whether an order of an agency is "supported by competent and substantial evidence upon the whole record." Koplar v. State Tax Comm., Mo., 321 S.W.2d 686, loc. cit. 695 (8); Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647. Sec. 22 of Article V does not affect or change the general rule that the burden of presenting a record of the proceeding to an appellate court is on the party appealing. The right of appeal is a creature of the statutes or the constitution. It was unknown at common law. State ex rel. State Highway Commission v. Smith, Mo., 303 S.W.2d 120; 4

C.J.S. Appeal & Error § 18, p. 94. A legislature has the power to prescribe the method and under what circumstances an appeal or a review may be had. 4 C.J.S. Appeal & Error § 18, subsecs. b and c, pp. 98–105; 4a C.J.S. Appeal & Error § 425, p. 65.

██ Baumann had notice that if he desired he could, upon request and at his own expense, have the evidence presented at the hearing recorded and preserved. The statute in question cannot be said to be unreasonable. Litigants who are dissatisfied with the result in trial courts and desire to have the case reviewed have generally been required to have the evidence transcribed at their expense. 20 C.J.S. Costs § 363, p. 616. The fees due clerks and other officers for making transcripts are often required to be paid by the party taking an appeal before the appeal may be perfected. 4a C.J.S. Appeal & Error § 497, p. 196.

██ In this case, if the evidence had been recorded and Baumann had presented the evidence to the circuit court, that court would have been required to determine the question of whether the order of revocation was "supported by competent and substantial evidence upon the whole record." That, of course, would only be true if Baumann made the contention that the evidence was insufficient. The statute held unconstitutional by the trial court provided a method of recording the evidence. It placed the burden on the plaintiff, in this case Baumann, to have such evidence recorded. He was so notified and did not choose to do so. The requirement is not unreasonable.

The judgment of the circuit court setting aside the revocation of Baumann's license is hereby reversed.

It is so ordered.

All concur.