Walter BUFF and Berniece Buff,
Respondents,

v.

STATE TAX COMMISSION OF MIS-
SOURI, et al., Appellants.

No. 55376.

Supreme Court of Missouri,
Division No. 1.

May 10, 1971.

William Y. Frick, Kirksville, for respondent.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellants.

HIGGINS, Commissioner.

Appeal from order which: (1) overruled State Tax Commission's Motion to Dismiss Taxpayers' Petition to Review Administrative Decision of State Tax Commission; (2) vacated and set aside State Tax Commission's assessment of taxpayers' property; (3) remanded the proceeding to State Tax Commission for rehearing of evidence and its preservation for further review. The order is appealable because its effect is that of awarding taxpayers a "new trial" on all issues of the case, Section 512.020, V.A.M.S., Bruun v. Katz Drug Co., Mo., 211 S.W.2d 918, 920; and jurisdiction is in this court because the petition questioned the assessment as to involve construction of revenue laws, Koplar v. State Tax Commission, Mo., 321 S.W.2d 686, 688, State ex rel. Kahler v. State Tax Commission, Mo., 393 S.W.2d 460, 462.

On November 19, 1969, the taxpayers filed their petition alleging: that Walter and Berniece Buff are residents and owners of described land in Putnam County; that on September 10, 1969, they petitioned the State Tax Commission for review of an increase from $31 to $40 per acre in their assessment; that on October 16, 1969, the State Tax Commission "conducted a purported hearing," and on October 17, 1969, entered an order increasing the valuation of their property for 1969 to $60 per acre; that such action was unconstitutional, unlawful, arbitrary, abusive, and "not based upon competent or substantial evidence and was contrary to the overwhelming weight of all of the evidence"; that "such record as it exists is in the hands of" the Commission. The prayer was for orders of reversal, stay of enforcement, for defendants to file a record of the hearing, and for other proper relief.

On December 13, 1969, the Commission filed its Motion to Dismiss alleging, among other things: that no record of the October 17 hearing was made; that taxpayers should have requested a suitable record to have been made; that no record was made because taxpayers made no request for a record; that the Commission had no obligation to make a record; that "since no record was made there is nothing from which a judicial review may be had as provided in Section 536.140 RSMo."

On January 5, 1970, taxpayers' Petition to Review and Motion for Stay and Commission's Motion to Dismiss came on for hearing. The parties stipulated as recited in the court's order: that on September 24, 1969, taxpayers petitioned the Commission for a review of their 1969 assessment; that on September 30, 1969, a notice of hearing to be held October 16, 1969, was forwarded to taxpayers by the Commission; that on October 21, 1969, notice of decision was forwarded to taxpayers by Commission; that Commission held its hearing in Unionville on October 16, 1969, at which time taxpayers appeared without counsel, evidence was heard, and no record was preserved. The described documents showed the valuation increases alleged in the Petition to Review, the described notices, and the Commission's decision to increase taxpayers' assessment.

The court found according to the stipulated facts and entered the order previously described from which this appeal is taken.

Appellants contend the court erred in its order "for the reason that findings of the Tax Commission with respect to local assessments can only be set aside on review when they are clearly contrary to the overwhelming weight of the evidence as shown by the record"; that respondents bore the responsibility for making and preserving a record upon which to accord review, and that without such record the court could only affirm the Commission's decision.

■ There is no question that the duty of the trial court in reviewing a decision of the State Tax Commission is to determine whether the Commission could have reasonably made its findings and reached its result upon consideration of all of the evidence before it, and to set aside decisions clearly contrary to the overwhelming weight of the evidence. § 138.470, V.A.M.S.; Ulman v. Evans, Mo., 247 S.W.2d 693, 694.

■ Such observation presupposes, however, the existence of a record as in Koplar v. State Tax Commission, supra, upon which to accord review, and leaves unanswered the problem posed by this case where no record has been preserved for review.

Civil Rule 100.06, V.A.M.R., and Section 536.130 provide for the record on judicial review of administrative decisions such as those made by the State Tax Commission. "Such record shall consist of any one of the following:

"(1) Such parts of the record, proceedings and evidence﹒before the agency as the parties by written stipulation may agree upon;

"(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

"(3) A complete transcript of the entire record, proceedings and evidence before the agency. Evidence may be stated in either question and answer or narrative form. Documents may be abridged by omitting irrelevent and formal parts thereof. Any matter not essential to the decision of the questions presented by the petition may be omitted. The decision, order and findings of fact and conclusions of law shall in every case be included. * * *

"The record to be filed in the reviewing court shall be filed by the plaintiff, or at the request of the plaintiff shall be transmitted by the agency directly to the clerk of the reviewing court * * *."

Annotated under these provisions is In re Village of Lone Jack, Mo., 419 S.W.2d 87. The posture of the parties and issues is analogous to that of this appeal and that decision is dispositive of this case. A number of individuals petitioned the Jackson County Court for incorporation of a certain area as the Village of Lone Jack. Another group objected to the proposed incorporation and the county court held an evidentiary hearing on the petition to incorporate. Both sides adduced evidence but no transcript was made because none was requested. The incorporation was ordered and the objectors appealed to the circuit court. The circuit court first affirmed the incorporation but, upon motion for new trial, set aside the affirmance and awarded a new trial. Upon appeal, this court affirmed the award of a new trial and further ordered the cause remanded to the county court for purposes of a record because the record was incomplete in that it did not contain the testimony of witnesses heard by the county court. This appeal presents the problem even more succinctly because there was no record at all. The court reviewed the same scope of review and statutory authorities as urged by this appellant, and stated: "This record does not meet the requirements of the statute or rule; its deficiency or shortcoming will not permit that review required by § 536.140. * * * Neither the circuit court, nor any other court, can properly review and determine whether the order [of the State Tax Commission] is supported by competent and substantial evidence * * * in the absence of all the evidence.

"Proponents cast the blame for failure to preserve this testimony on objectors, saying that, as appellants [petitioners for review] in the circuit court it was objectors' responsibility to see to it that all the evidence was preserved for review. * * * This statute [1] makes the transcript as available to proponents as it does to objectors; * * *. It serves no purpose to cast blame. Parties desiring that their interests be reviewed in

---

1. In this case, Section 536.070(4), V.A.M.S.

**276**

accordance with § 536.140 will see to it that the full record necessary for proper review is certified to the initial reviewing court; and where, as here, the testimony of witnesses has been heard but not transcribed and preserved so that it may be made a part of the record on appeal their case should be remanded forthwith by the initial reviewing court for a rehearing of that evidence and its preservation for review." 419 S.W.2d 1. c. 90 [1–3].

Appellants attempt to avoid any responsibility for preserving the record in this case, asserting that they gave notice to taxpayers that the record would be their responsibility.

The so-called "notice" in this case is the second paragraph of the 2-paragraph letter of September 30, 1969, by which the Commission notified taxpayers of the hearing to be conducted October 16, 1969. The paragraph read, "Your attention is called to Section 100.06, Supreme Court Rule, with regard to the record." This would have little, if any, meaning to the laymen addressees; and, had they referred to Rule 100.06, taxpayers would have become informed only as to record content, certification, and by whom filed on judicial review. The rule does not fix responsibility for preparation of the record before the agency. Cf. State ex rel. Baumann v. Quinn, Mo., 337 S.W.2d 84, 86, where, in a proceeding for review of a liquor license revocation, the record showed that the licensee was given written notice that the revoking agency did not provide for recording and preserving of evidence at its hearing, and that if any party desired a record, arrangements should be made accordingly.

The circuit court in this case may not be convicted of the asserted error for utilizing and adopting the procedure ordered by In re Village of Lone Jack, snpra.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., BARDGETT, J., and SEMPLE, Special Judge, concur.

HOLMAN, J., not sitting.