**SULLIVAN COUNTY, Respondent,**

**v.**

**STATE TAX COMMISSION of Missouri et al., Appellants.**

**No. 58124.**

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 9, 1974.

N. William Phillips, Pros. Atty., Sullivan County, Missouri, Milan, for respondent.

John C. Danforth, Atty. Gen., Richard L. Wieler, Atty. Gen., Jefferson City, for appellants.

HOUSER, Commissioner.

Sullivan County filed a 4-count petition in the circuit court of that county to obtain judicial review of a decision of the state tax commission reducing the assessed valuation of four tracts of real estate. Named as defendants were the commission and its members and the four property owners and their spouses. In each count Sullivan County alleged that the commission's action in lowering the real estate valuation was unlawful, discriminatory, arbitrary, unfair, etc. Plaintiff prayed that the order of the commission be reversed, enforcement stayed, and that the commissioners be ordered to file in circuit court "the complete record of their aforesaid hearing * * *", together with the evidence of the witnesses and their findings of fact and conclusions of law.

The commission filed a motion to dismiss the petition on the ground that no record of the hearing before the commission was made or preserved, and therefore the matter was incapable of being reviewed under Chapter 536, RSMo 1969. The property owners and spouses also filed a motion to dismiss the petition, alleging that in the notice of hearing sent to all parties the commission called attention to the requirements of Rule 100.06, V.A.M.R. relating to a transcript of the record; that the attorneys for both the county and the property owners expressly waived the necessity of a reporter at the commission hearing and agreed that no record need be made of the proceeding, and that as a result "there is nothing from which a judicial review may be had". Both motions were heard by the circuit court. At the commencement of the hearing of the motions to dismiss the Prosecuting Attorney of Sullivan County agreed and stipulated that at the commission hearing both counsel for the county and counsel for the property owners were asked whether they wanted a reporter; that their attention was called to the fact that they would have to have their own reporter, and that counsel for the contesting parties agreed and stipulated that they did not desire a reporter to report the proceedings—that neither side wanted the evidence taken. There is no question that all parties had notice from the commission, oral and written, prior to the commission hearing, that the commission does not have a regular reporter; that any party desiring a transcript of the proceedings must arrange for the appearance of a reporter and that any transcript would be at such party's expense.

Following the hearing the commission, in the case of each tract of real estate, found its value in dollars as of January 1, 1971, but failed to make findings of fact and conclusions of law as required by § 536.090, RSMo 1969, declaring that no transcript had been prepared and that the commission could not complete its findings of fact and conclusions of law without the transcript.

The circuit court overruled both motions to dismiss the petition and in its order, dated April 19, 1972, the circuit court directed the commission within 20 days to file a complete transcript of the proceedings and records in these cases. That order was not complied with, and subsequently Sullivan County filed a motion to remand the four cases to the commission for further hearings and proceedings in connection therewith, alleging that the commission "cannot or did not include in their decision and order findings of fact and conclusions of law as required by law". The motion to remand was sustained, following a hearing in circuit court. From the order sustaining the motion to remand, the state tax commission has appealed.

This Court has jurisdiction for the reason that a construction of the revenue laws of the state is involved. Buff v. State Tax Commission, 467 S.W.2d 273 (Mo.1971).

The state tax commission's only point on appeal is that the circuit court erred in remanding the cause to the state tax commission for a rehearing of the evidence and the preservation of the evidence for review, "because the findings of the State Tax Commission with respect to local assessments can only be set aside on review when they are clearly contrary to the overwhelming weight of the evidence as shown by the record, and the appealing party bears the responsibility for making a record of the hearing before the State Tax Commission and preserving it for purposes of Judicial review."

The same issue was raised by the state tax commission under essentially the same circumstances in Buff v. State Tax Commission, supra. Relying upon In re Village of Lone Jack, 419 S.W.2d 87 (Mo. banc 1967), this Court in Buff affirmed the order remanding "for a rehearing of that evidence and its preservation for [further] *review*". The reasoning, essentially, was that the review required by § 536.140, RSMo 1969, and Rule 100.07(b), is not possible without an adequate record of the evidence heard by the commission. On the basis of that reasoning we affirm the order of remand to the commission for a rehearing of the evidence, and on the basis of the reasoning in Iron County v. State Tax Commission, 480 S.W.2d 65 (Mo. 1972), i.e., that the commission must make findings of fact and conclusions of law from which a review court can know the basis upon which the commission acted, we affirm that part of the order of remand requiring the preparation of findings of fact and conclusions of law.

The only essential difference between the Buff case and this case is that in Buff the notice to the property owners that preparation and filing of the record of the agency would be their responsibility was inadequate and of little consequence to laymen, whereas the notice given in this case was openly acknowledged by property owners' and the county's attorneys, who joined in an express waiver of their right to have a reporter and a record at their own expense. The fact that actual notice was given in this case and that in Buff notice was questionable does not distinguish the two cases on the point involved. The losing party desiring judicial review of a decision of the state tax commission cannot escape responsibility for preparing and filing the record of the agency by waiving the right to have a reporter and make a record.

The duty of filing the record of the agency in the review court, however, is not upon the agency, State ex rel. Baumann v. Quinn, 337 S.W.2d 84 (Mo.1960), and therefore the circuit court's order of April 19, 1972 directing *the commission* within 20 days to file a complete transcript of the proceedings was erroneous. Under Rule 100.06(d) that duty falls upon the plaintiff, and not on the agency except upon the request of the plaintiff. It is the *litigant* who in contested cases must request the agency to cause the proceedings before the agency to be suitably recorded and preserved, and it is *the litigant* who

must pay for that service. § 536.070, RSMo 1969.

On remand to the commission if plaintiff, Sullivan County, from the notes of counsel and witnesses' and counsel's memory of the evidence given at the original commission hearing, is able to prepare and file a record which complies with either of the three methods of presenting a record set forth in Rule 100.06(a)(1), (2) and (3), the commission may, in its discretion, relieve the parties of the necessity of reassembling all of the witnesses and conducting a full-blown rehearing.

Order of remand dated September 6, 1972 affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.