STATE ex rel. Robert PERNO,
Plaintiff-Appellant,

v.

John J. QUINN, Defendant-Respondent.

No. 38508.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 27, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

Bruce Nangle, Clayton, for plaintiff-appellant.

Jack L. Koehr, City Counselor, John J. Morton, Asst. City Counselor, St. Louis, for defendant-respondent.

PER CURIAM.

Appellant, the owner and operator of the Sunrise Inn located at 3234 Morganford Road in St. Louis, asks this court to review the judgment of the Circuit Court of the City of St. Louis affirming respondent's (Excise Commissioner for City of St. Louis) decision denying renewal of his liquor license. He contends that the evidence relied upon by respondent was incompetent and insubstantial on its face. Appellant, however, failed to arrange for the record of the administrative hearing to be transcribed by a court reporter, even though he was advised by respondent prior to the hearing that it was his duty to do so. Furthermore, he has neglected to provide this court with the certified record of the documents utilized by respondent in deciding to deny his liquor license. As such, appellant has failed to comply with Rule 81.14(a) V.A.M.R., and his appeal is dismissed. Rule 84.08 V.A. M.R.

The law is settled that a licensee may not contest an administrative decision denying his license as resting upon incompetent and insubstantial evidence where he fails to preserve a record for this court to review after being notified that it is a duty to do so. § 536.070(4) RSMo1969; *State ex rel. Sansone v. Quinn,* 426 S.W.2d 917 (Mo. App.1968). If appellant desires review of an administrative decision, it is his duty to provide a record of the proceeding below, containing all relevant records, proceedings and evidence necessary for determination of the merits of the issue in question. *State v.*

*Clark,* 522 S.W.2d 332 (Mo.App.1975); *Lawler v. Schaffner,* 497 S.W.2d 830 (Mo. App.1973); *Adams v. American Paving and Construction Co.,* 488 S.W.2d 283 (Mo.App. 1972). The absence of a complete record leaves this court with nothing to review. *Davis v. Long,* 521 S.W.2d 7 (Mo.App.1975). We will not presume error where none appears on the record before us. Appellate courts have more pressing duties than to locate exhibits for counsel who fail to follow the Supreme Court Rules.

Appeal dismissed.

All judges concur.