Donald **LABRAYERE** and Ruth Labrayere, d/b/a Missouri Limestone Co., Respondents,

v.

Gerald H. **GOLDBERG**, Director of Revenue, State of Missouri, Appellant.

No. 61421.

Supreme Court of Missouri,
En. Banc.

Sept. 9, 1980.

Opinion Modified On Court's Own Motion On Denial of Rehearing Oct. 15, 1980.

John Ashcroft, Atty. Gen., Richard Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

Dale L. Rollings, St. Charles, for respondents.

WELLIVER, Judge.

Appellant Gerald H. Goldberg, Director of Revenue of the State of Missouri, seeks

review of a final order of the Circuit Court of Warren County, Missouri, which remanded to the Department of Revenue for an evidentiary hearing and preparation of a transcript, a case heard on respondents' petition for administrative review. Jurisdiction is in this Court because the case involves construction of the revenue laws of this state. Mo.Const. art V, § 3. We affirm.

Respondents Donald and Ruth Labrayere are engaged in the business of mining and selling limestone in the Warrenton, Missouri, area, doing business as the Missouri Limestone Company. Sales tax personnel of the Missouri Department of Revenue examined respondents' books and records and assessed against respondents an additional sales and use tax liability totaling $12,379.75 as of January 19, 1978.

On January 19, 1978, the Department of Revenue notified respondents by certified mail that they had been assessed for unpaid sales and use taxes between April 1, 1975 and March 31, 1977, of $12,379.75; that payment was due on February 7, 1978; and that "[t]o contest this assessment, you must attend an informal hearing scheduled for February 7, 1978." The notice of assessment stated that the liability was based on an additional sales and use tax audit conducted by Vintra Snapp dated December 30, 1977. On February 9, 1978, the Department of Revenue mailed respondents its final decision following the informal hearing of assessment for sales and use taxes. The decision found no exceptions to the audit, and stated that the assessment of $12,379.75 "stands as is and is due and owing."

On March 10, 1978, respondents timely filed their petition for reassessment with the Department of Revenue, in which they contested the sales tax assessment on the ground that "the transportation charges alleged, among other allegations made, are not subject to sales tax." The petition was prepared by respondents' certified public accountant, T. J. Shannahan, under a power of attorney.

On May 2, 1978, Dennis Hoffert, Assistant General Counsel of the Department of Revenue, sent a letter to respondents which stated that respondents' petition was "statutorily insufficient" to be considered a petition for reassessment, citing the requirement of § 144.240(3), RSMo 1969, that a petition for reassessment "set forth specifically and in detail the grounds upon which it is claimed that the assessment is erroneous." The letter informed respondents that if they did not supply the Department of Revenue with specific and detailed information relative to their petition by May 17, 1978, the petition would be denied. On May 24, 1978, Tom Shannahan sent to the Department of Revenue a letter which stated:

ON PETITION FOR REASSESSMENT ON ASSESSMENT NO. 20068 IT WAS STATED THAT TRANSPORTATION CHARGES ARE NOT SUBJECT TO SALES TAX. TAXPAYER, AT THE HEARING, WILL REPEAT WHAT WAS SAID TO THE DEPARTMENT OF REVENUE REPRESENTATIVE PREVIOUSLY. THE TAXPAYER IS ATTENDING THE HEARING PRIMARILY TO FORECLOSE YOUR COURTROOM CONTENTION THAT HE FAILED TO COMPLY WITH THE LAW BY NOT ATTENDING THE HEARING.

On May 4, 1978, the Department of Revenue notified respondents by certified mail that a formal hearing on the petition for reassessment would be held on June 9, 1978, in the Missouri Department of Revenue office in the City of St. Louis at 1:30 p. m. On June 9, 1978, the formal hearing was held. At the conclusion of the hearing respondents were allowed until July 9, 1978, to provide any additional information to the Department of Revenue regarding their petition for reassessment. On July 11, 1978, respondents provided some additional information to the Department of Revenue. On January 23, 1979, Hearing Officer Dennis Hoffert issued findings of fact and conclusions of law on respondents' petition for reassessment, based upon the information and testimony provided at that hearing and the subsequent information received.

In addition to the facts related above, the hearing officer entered the following findings:

1.) that Petitioner presented no specific evidence with respect to the transactions it alleged were transportation cha[r]ges;

2.) that petitioner presented no specific or competent evidence with respect to the transactions it alleged were exempt transactions;

3.) that the audit conducted by personnel of the Department of Revenue was not contradicted by any specific facts presented by Petitioner.

The hearing officer thereupon concluded:

It is the final decision of the Director of Revenue, that as a matter of law, petitioner has failed to meet the burden imposed upon it by Section 144.210 and therefore remains liable for the full amount of sales and use tax assessed.

The findings of fact and conclusions of law quoted that portion of § 144.210, RSMo 1969, which states that "[t]he burden of proving that a sale of tangible personal property, services, substances or things was not a sale at retail, shall be upon the person who made the sale". As noted, the hearing officer concluded that the petitioner had failed to carry this burden, and that the assessment was correct.[1] The hearing officer stated:

In the event petitioner is not satisfied with this final decision in any respect, it may petition in the Circuit Court in the manner [and] to the extent provided in Chapters 536 and 144 RSMo.

On February 23, 1979, respondents filed a petition for judicial review in the Circuit Court of Warren County, Missouri, or, in lieu thereof, a remand to the Department of Revenue for a hearing at which an evidentiary record could be compiled. On March 29, 1979, respondents filed a motion to remand to the Department of Revenue for an evidentiary hearing and preparation of a transcript of the record for full review by the court.

The motion to remand was argued on April 4, 1979, and granted by the Circuit Court on April 13, 1979. The Director of the Department of Revenue filed a notice of appeal to this Court on May 14, 1979.

I

The threshold question presented is whether the circuit court had jurisdiction to entertain respondents' petition for review. Appellant contends that because the final decision of the director of revenue was rendered after August 13, 1978, the date on which S. B. 661, Laws of Mo. 1978, pp. 441–61 became effective, review of that decision was required to be performed not by the circuit court but by the Administrative Hearing Commission, under §§ 144.261 and 161.273, RSMo 1978.

Prior to the enactment of S. B. 661, disputes between taxpayers and the director of revenue regarding sales or use taxes were governed by the provisions of Chapter 144. Section 144.240, RSMo 1969, provided that when the director issued an additional sales tax assessment, the taxpayer could petition for reassessment, in which case the director was required to hold a hearing. Section 144.261, RSMo 1969, provided for judicial review of any decision, finding, order or ruling of the director of revenue under Chapter 144 in the manner provided by Chapter 536, RSMo. Section 144.680,

---

1. The hearing officer approved the assessment as follows:

Wherefore, petitioner remains liable for: Missouri State Sales Tax in the sum of $7,101.94 and interest in the sum of $1,766.84; Missouri Compensating use tax in the sum of $1,027.08 plus interest in the sum of $254.88; St. Charles City sales tax in the sum of $21.83 plus interest in the sum of $5.02: Kansas City sales tax in the sum of $58.97 plus interest in the sum of $14.95: Kansas City Transportation Sales Tax in the sum of $58.97 plus interest in the sum of $14.95: St. Louis City Sales Tax in the sum of $1,526.33 plus interest in the sum of $392.33; St. Louis City Transportation Sales Tax in the sum of $763.18 plus interest in the sum of $196.15; leaving a total of outstanding liability, as of September 15, 1978 of tax and interest of $13,112.42. Additional interest will accrue at the rate of one percent per month or 12 percent per annum on the outstanding balance from September 15, 1978.

RSMo 1969, provided that any taxpayer aggrieved by an action taken by the director of revenue concerning use taxes could petition for reassessment and the director was required to extend such taxpayer a hearing. Section 144.685, RSMo 1969, provided that any decision, finding, order or ruling of the director of revenue under the use tax provisions of §§ 144.600 to 144.745 was subject to judicial review pursuant to Chapter 536, RSMo, except that the taxpayer had one year after the decision, finding, order or ruling to file his petition for review and the cause would be heard *de novo*. Since the rights and privileges of taxpayers could only be determined subsequent to a hearing before the director, review of a final decision of the director under Chapter 144 was subject to the provisions of §§ 536.100 and 536.110, RSMo 1969. Thus, review of a final decision of the director of revenue was the responsibility of the appropriate circuit court.

Senate Bill 661, Laws of Mo. 1978, pp. 441–61, repealed the statutory provision for a hearing before the director of revenue upon a taxpayer's petition for reassessment of use taxes and repealed the statutory provision for judicial review of decisions of the director of revenue concerning use tax, §§ 144.680 and 144.685, RSMo 1969. Laws of Mo. 1978, p. 442. Senate Bill 661 also altered § 144.240, RSMo 1969, to remove the requirement that the director of revenue provide a hearing upon a petition for reassessment of sales taxes, and altered § 144.-261 to provide that final decisions of the director of revenue under Chapter 144 are reviewable by the Administrative Hearing Commission under the provisions of § 161.-273, RSMo 1978. Laws of Mo. 1978, p. 448. Senate Bill 661 included in § 161.273, RSMo 1978, the provision that "any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue."

The question whether the circuit court had jurisdiction over respondents' petition for review depends upon the effective date of § 161.273, RSMo 1978. Section A of S. B. 661 provides in part:

This act shall become effective August 13, 1978. Any hearing or review commenced prior to such date shall proceed pursuant to the law applicable at the time of its commencement.

Laws of Mo. 1978, p. 461. Appellant contends that review of the decision of the director of revenue in the instant case was not "commenced prior to" August 13, 1978, and hence should not proceed in the circuit court pursuant to §§ 144.261, 144.685, and 536.100, RSMo 1969, the law applicable prior to August 13, 1978, but must be pursued before the Administrative Hearing Commission pursuant to § 144.261, RSMo 1978 (as amended), and § 161.273, RSMo 1978. Appellant contends that, while the *hearing* process was commenced by respondents' filing of a petition for reassessment on March 10, 1978, prior to the effective date of § 161.273, RSMo 1978, the *review* process was not commenced until respondents filed their petition for administrative review with the Circuit Court of Warren County on February 23, 1979. Appellant contends that the review process could not have commenced until after the director rendered his final decision on January 23, 1979, after the effective date of § 161.273, RSMo 1978. Appellant contends that the circuit court thus had no jurisdiction to review the director's decision, because review properly belonged instead in the Administrative Hearing Commission.

Appellant stresses the fact that the words "hearing or review" in § A of S.B. 661 are in the disjunctive, and urges this Court to construe § A of S.B. 661 as if it provided as follows:

This act shall become effective August 13, 1978. Any hearing commenced prior to such date shall proceed pursuant to the law applicable to the time of its commencement and any review commenced prior to such date proceed pursuant to the law applicable to the time of its commencement.

Appellant contends that any other construction would render the legislature's use

of the words "or review" redundant or meaningless. We do not agree. Construing § A of S.B. 661 to permit a controversy which was in either the hearing or review stage on August 13, 1978, to proceed pursuant to the prior law does not make the words "or review" meaningless or redundant, but in fact gives full significance to the legislature's use of the disjunctive in § A of S.B. 661. The construction for which appellant argues would imply that taxpayers who filed a petition for reassessment with the director of revenue prior to August 13, 1978, but who did not file a petition for review of the director's decision until after August 13, 1978, would be required to pursue their grievance through two completely independent administrative hearings before being entitled to judicial review in the circuit court. Such a construction is not a reasonable reading of the statute. The legislature clearly coupled the provision for review of decisions of the director of revenue in the Administrative Hearing Commission with the provision abolishing the requirement that the director of revenue conduct administrative hearings upon a taxpayer's petition for reassessment. It would not be consistent with the legislative intent to shift the hearing function from one administrative body to the other to construe the transitional provision in § 161.273, RSMo 1978, to require that both administrative bodies conduct full hearings in the same cases.

■ Unlike § 536.100, RSMo 1978, and § 161.337, RSMo 1978, which provide for judicial review of administrative action, § 161.273 does not establish a standard by which the Administrative Hearing Commission should review the action of the director of revenue in the light of the evidence on the record before the director of revenue. The absence of any provision for review by the Administrative Hearing Commission of the record in the department of revenue confirms that the legislature did not contemplate that the new procedures would require a separate hearing both in the department of revenue and in the Administrative Hearing Commission in any case. It would have been pointless for the legislature to have allowed hearings commenced prior to August 13, 1978, to continue under the prior provisions if it intended that, subsequent to final decision, an entirely new hearing would be scheduled before the Administrative Hearing Commission with a new record made and a new decision issued. The plain and rational meaning of the words of § 161.273, RSMo 1978, express the clear intention of the legislature to allow those controversies which were in existence on August 13, 1978, in either the hearing or review stage, to continue through to final adjudication, including all applicable appeals, under the law as it existed prior to August 13, 1978.

This interpretation is supported by the fact that the director of revenue himself so construed this statute at the time his final decision was rendered in this case on January 23, 1979. The director advised respondents, in the last paragraph of his findings of fact and conclusions of law, that if they were not satisfied with the director's decision, they "may petition in the Circuit Court in the manner [and] to the extent provided in Chapter 536 and 144 RSMo." In reliance on the assurance that review was in the circuit court pursuant to Chapter 144, RSMo, respondents did not file a petition for an appeal to the Administrative Hearing Commission within 30 days after the final decision of the director of revenue as required by § 161.273, RSMo 1978. It would be manifestly unfair to respondents to hold that they are completely foreclosed from seeking review of the director's decision by their reliance upon the director's own interpretation of the relevant statute.

■ By this decision we do not foreclose review in the Administrative Hearing Commission of certain pending disputes in which certain taxpayers chose to pursue review in that forum. Sections 144.261 and 536.100, RSMo 1969, confer jurisdiction for judicial review by the circuit courts. Sections 144.-261 and 161.273, RSMo 1978, confer jurisdiction for review by the Administrative Hearing Commission. We recognize the confusion resulting from Attorney General Opin-

ion # 154.[2] Because of the latent legislative ambiguity, the governmental interpretation thereof, and taxpayers' reliance thereon, the jurisdiction of the circuit courts and the Administrative Hearing Commission is deemed to be concurrent for the purpose of reviewing cases filed in either forum between August 13, 1978, and October 15, 1980.

## II

■ We find no merit in respondents' contention that this Court is without jurisdiction in this appeal on the ground that the order of the circuit court to remand the cause to the director of revenue for an evidentiary hearing did not dispose of all the issues before the circuit court. *Buff v. State Tax Commission*, 467 S.W.2d 273, 274 (Mo. 1971). *See Sullivan County v. State Tax Commission*, 513 S.W.2d 452 (Mo. 1974); *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo. banc 1967).

## III

■ Appellant contends that the circuit court erred in remanding this case to the department of revenue for an evidentiary hearing and the preparation of a transcript of the record, because a full hearing was held on June 9, 1978, and respondents bore the responsibility for making and preserving the record of the hearing before the department. This Court has approved the procedure adopted by the circuit court on three separate occasions. *Sullivan County v. State Tax Commission*, 513 S.W.2d 452 (Mo. 1974); *Buff v. State Tax Commission*, 467 S.W.2d 273 (Mo. 1971); *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo. banc 1967).

In *Lone Jack*, the County Court of Jackson County approved a petition for incorporation of the Village of Lone Jack. Certain persons who objected to the incorporation appealed from that order to the Circuit Court of Jackson County pursuant to § 536.-100, RSMo 1959. The objectors to incorporation requested the county clerk to certify a transcript of the evidence heard by the county court to the circuit court as part of the record to be reviewed. The county court certified to the circuit court a record which contained a variety of documents and included its findings, decisions and orders, but which contained no transcript of the evidence heard by the county court, because no party had requested that a record be made. The circuit court initially affirmed the order of incorporation but subsequently granted the objectors a new trial. Proponents of incorporation appealed to the Western District Court of Appeals. The court of appeals filed an opinion which affirmed the order of the circuit court, and the case was transferred after opinion to this Court. This Court observed that § 49.230, RSMo 1959, provided that appeals from quasi–judicial orders of county courts shall be heard by the circuit court in the manner provided by § 536.140, RSMo 1959, and noted that § 536.130 and Rule 100.06 require that the record for review in such a case shall consist of one of the following: such parts of the record as the parties by stipulation may agree upon; an agreed statement of the case; or a complete transcript of the entire record, proceedings and evidence. The Court held that "[n]either the circuit court, nor any other court, can properly review and determine whether the order of the county court is supported by competent and substantial evidence on that question in the absence of all the evidence." 419 S.W.2d at 90. The Court affirmed the order of the circuit court insofar as it granted the objectors a new trial, and remanded the cause with directions that it be remanded to the county court for further proceedings.

---

**2.** It is the opinion of this office that, as of August 13, 1978, the effective date of Senate Bill No. 661, 79th General Assembly, the State Tax Commission of Missouri lost jurisdiction to review any final decision of the Director of Revenue in an income tax dispute except where a petition to review a final decision was filed with the Commission prior to that date. Review of any final decision of the Director of Revenue in an income tax dispute rendered on or after August 13, 1978, is governed by the provisions of Senate Bill No. 661 and must be lodged with the Administrative Hearing Commission pursuant to the requirements of Section 161.273 of said bill.

The holding of *Lone Jack* was reaffirmed in *Buff v. State Tax Commission*, 467 S.W.2d 273 (Mo. 1971). In *Buff*, owners of land in Putnam County filed a petition with the State Tax Commission for review of an assessment which increased the valuation of their real property. The State Tax Commission entered an order increasing the valuation of petitioners' property after an evidentiary hearing at which the petitioners appeared without counsel and of which no record was preserved. The petitioners filed a petition for review of the order of the State Tax Commission with the Circuit Court of Putnam County and the Commission filed a motion to dismiss the petition on the ground that since no record was made there was nothing from which a judicial review could he had. The circuit court overruled the Commission's motion to dismiss, vacated the Commission's assessment of petitioners' property, and remanded the proceeding to the State Tax Commission for rehearing of evidence and its preservation for further review. The Commission appealed, contending that since the petitioners bore the responsibility for making and preserving a record upon which to accord review and no record was made, the circuit court could only affirm the decision of the State Tax Commission. This Court affirmed the judgment of the circuit court on the authority of *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo. banc 1967). 467 S.W.2d at 275–76.

In *Sullivan County v. State Tax Commission*, 513 S.W.2d 452 (Mo. 1974), the Commission reduced the assessed valuation of four tracts of real estate in Sullivan County after a hearing but failed to make findings of fact or conclusions of law as required by § 536.090, RSMo 1969, because no record of the proceedings before the Commission had been made. Sullivan County filed a petition for review of the Commission's decision in the Circuit Court of Sullivan County. The Commission filed a motion to dismiss the petition on the ground that the matter was incapable of being reviewed because no record of the hearing before the Commission had been preserved. The owners of the property filed a motion to dismiss,

alleging that the parties had expressly agreed not to record the hearing and consequently "'there is nothing from which a judicial review may be had.'" 513 S.W.2d at 453. It was stipulated in the circuit court that the Commission had given oral and written notice to all parties prior to the hearing that the Commission did not have a regular reporter, that a party desiring a transcript of the hearing must arrange for the appearance of a reporter, and that any transcript would be at such party's expense. The circuit court overruled the motions to dismiss and petitioner Sullivan County filed a motion to remand the case for further hearings. The circuit court sustained the motion to remand, and the Commission appealed. The Commission argued that the circuit court erred in remanding the cause for rehearing on the ground that the findings of the State Tax Commission could only be set aside or reversed when they are unsupported by substantial evidence in the light of the whole record, and the appealing party bears the responsibility for making a record of the hearing before the State Tax Commission and preserving it for judicial review. This Court affirmed the order of remand on the basis of the reasoning in *Buff v. State Tax Commission*, 467 S.W.2d 273 (Mo. 1971), and *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo. banc 1967), that the review required by § 536.140, RSMo 1969, and Rule 100.07(b) is not possible without an adequate record of the witnesses heard by the Commission. 513 S.W.2d at 454.

Appellant acknowledges that *Lone Jack, Buff* and *Sullivan County* each held that where no record is made at the evidentiary hearing, a proceeding for review of an administrative decision under Chapter 536 must be remanded for another evidentiary hearing and the preparation of a complete record before the decision can be judicially reviewed. Appellant contends, however, that it is not clear whether those decisions apply to the department of revenue on the facts presented in this appeal, in light of the decisions in *State ex rel. Baumann v. Quinn*, 337 S.W.2d 84 (Mo. 1960); *State ex*

*rel. Perno v. Quinn,* 558 S.W.2d 320, 320 (Mo.App. 1977); *State ex rel. Sansone v. Quinn,* 426 S.W.2d 917, 920 (Mo.App. 1968); and *In re Village of Pleasant Valley,* 272 S.W.2d 8 (Mo.App. 1954).

In *State ex rel. Sansone v. Quinn,* 426 S.W.2d 917 (Mo.App. 1968) the Eastern District Court of Appeals affirmed a judgment of the circuit court affirming an order of the Excise Commissioner of the City of St. Louis revoking appellant's liquor license. The court stated:

> The Licensee is in no position to have a review of the question of whether the order of revocation was supported by competent and substantial evidence on the whole record for the reason that he failed to preserve a record for the circuit court and for this court to review after being notified prior to the hearing that he must record the evidence at his own expense if such a record is to be preserved. This is a requirement of Section 536.070(4) RSMo 1959.

426 S.W.2d at 920. In *State ex rel. Perno v. Quinn,* 558 S.W.2d 320 (Mo.App. 1977), the Eastern District Court of Appeals dismissed an appeal from a judgment of the circuit court affirming an order of the Excise Commissioner of the City of St. Louis denying renewal of appellant's liquor license. The court stated that "a licensee may not contest an administrative decision denying his license as resting upon incompetent and insubstantial evidence where he fails to preserve a record for this court to review after being notified that it is a duty to do so," citing § 536.070(4), RSMo 1969, and *State ex rel. Sansone v. Quinn,* 426 S.W.2d 917 (Mo.App. 1968). 558 S.W.2d at 320.

In *In re Village of Pleasant Valley,* 272 S.W.2d 8 (Mo.App. 1954), the Western District Court of Appeals affirmed a judgment of the Circuit Court of Macon County affirming an order of the County Court of Clay County denying a petition for incorporation of a village. The court of appeals noted that the transcript of the proceedings before the county court contained no testimony or other evidence. The court stated:

> On the record presented we cannot hold that the order of the county court was *not* supported by competent and substantial evidence; that the county court could *not* reasonably have made its findings, and reached its result, upon consideration of all of *the evidence before it*; and that the order in question is clearly contrary to the overwhelming weight of the evidence.

272 S.W.2d at 13.

*Pleasant Valley* appears inconsistent with our subsequent decision in *Lone Jack*. *Perno* and *Sansone* appear inconsistent with our decisions in *Buff* and *Sullivan County*. In neither *Perno* nor *Sansone* is it clear that a motion to remand had been made or considered. To the extent that these cases cited by appellant are inconsistent with our decision, they are overruled. *State ex rel. Baumann v. Quinn,* 337 S.W.2d 84 (Mo. 1960), is not inconsistent with our holding today, as it expressly stated that the "sole question presented" was whether Mo.Const. art. V, § 22, required the excise commissioner to record and preserve the evidence presented at a hearing before it. 337 S.W.2d at 86.

The problem presented to the circuit court in this case was that of complying with the statutory mandate that it review administrative action to determine whether it is supported by substantial evidence in light of the whole record where no record of the evidence before the administrative body was preserved. It should be noted that this problem is unlikely to occur in the future because § 161.273, RSMo 1978, provides that "[t]he administrative hearing commission shall maintain a transcript of all testimony and proceedings in hearings governed by this section." Liquor revocation cases are now heard by the Administrative Hearing Commission. § 161.272, RSMo 1978.

The judgment of the circuit court remanding this case to the director of revenue for an evidentiary hearing and the preparation of a transcript is affirmed.

All concur.