## In re the DISINCORPORATION OF the VILLAGE OF BIRMINGHAM, Respondent,

### v.

## John and Betty MIXON, Appellants.

### No. WD 37478.

Missouri Court of Appeals, Western District.

April 22, 1986.

As Modified June 26, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Robert L. Dysart, Kansas City, for appellants.

Thomas E. Hankins, Gladstone, for respondent.

Before CLARK, C.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

The County Commission of Clay County denied appellants' respective petitions for the disincorporation of the Village of Birmingham. The petitions alleged that the voters of the village had failed for one year and more to elect trustees. Their position is, as they have maintained throughout, that such failure made mandatory the disincorporation thereof by the County Commission. Sec. 80.580, RSMo 1978.

The circuit court upon appeal affirmed the county court order denying the petitions, and the case comes here on appeal from the circuit court judgment.[1] Our review is of the County Commission's order. *Evangelical Retirement Homes of Greater St. Louis, Inc. v. State Tax Commission*, 669 S.W.2d 548 (Mo. banc 1984); *Watkins v. State Board of Registration for Healing Arts*, 651 S.W.2d 582 (Mo.App. 1983).

---

1. "Appeals from the decisions, findings and orders of county commissions shall be conducted under the provisions of Chapter 536, RSMo", § 49.230, RSMo Supp.1984.

The Commission had two evidentiary hearings on the petitions, one on October 29 and one on November 19. We have a record of the testimony on the October 29 hearing, but none of the November 19 hearing. Respondent filed in this court a purported transcript of the testimony on the second hearing, which was apparently recorded electronically, and transcribed by a secretary in the employ of respondent's attorney. It was not a part of the record on appeal certified by the County Commission to the circuit court under § 49.230, RSMo Supp.1984. This court upon appellants' motion struck the transcript. It was returned to respondent's attorney.

Without a full record we are unable to review the case. In such a case, we must remand the case to the trial court, for remand in turn to the County Commission of Clay County. A new hearing must be held by the Commission and a record made and preserved for review. *LaBravere v. Goldberg*, 605 S.W.2d 79 (Mo. banc 1980); *In re Village of Lone Jack*, 419 S.W.2d 87 (Mo. banc 1967).

All concur.