APC, INC., d/b/a Auto Parts Company, Appellant,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Respondent.

No. WD 41175.

Missouri Court of Appeals, Western District.

May 16, 1989.

Reginald P. Bodeux, Niedner, Niedner, Ahlheim & Bodeux, St. Charles, for appellant.

William L. Webster, Atty. Gen., Sandra A. Mears, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

The Missouri Director of Revenue ordered suspension of the dealers registration for APC, Inc. for a period of one year upon a finding that APC, Inc. had failed to maintain complete records. APC, Inc. sought a review of the decision by the Missouri Administrative Hearing Commission which dismissed the case for want of subject matter jurisdiction. That order is the decision from which APC, Inc. appeals.

The suspension of APC, Inc.'s dealer registration was ordered by respondent pursuant to § 301.257.1, RSMo 1986,[1] after notice to APC, Inc. and a hearing. That section of the statute also provides that respondent's decision may be appealed as provided in Chapter 536, RSMo. According to APC, Inc., § 621.050 gave it a right of appeal to the administrative hearing commission and, if aggrieved by the decision there, recourse to the circuit court for judicial review. The issue in the case is whether a person aggrieved by a decision of the director of revenue, rendered after notice and a hearing, is entitled to another level of administrative review. We hold he is not.

Section 621.050 was the product of S.B. 661, Laws of Mo.1978, pp. 441–61 which amended § 138.430, RSMo 1978, relative to appeals from local boards of equalization in property tax cases, various sections in Chapter 144 covering sales and use taxes and other sections, not including Chapter 301. The purpose of S.B. 661, as announced in the enactment clause, was to provide for a more uniform procedure for administrative review by the administrative hearing commission of disputes involving certain state agencies. The effect of S.B. 661 was to substitute a right of hearing before the administrative hearing commission for similar rights under prior law which had vested various state agencies with notice and hearing responsibilities. In accordance with this purpose, S.B. 661 amended those statutes which had vested hearing responsibility in the various state agencies, including the department of revenue, but not in all instances. A notable exception was Chapter 301 covering the registration and licensing of motor vehicles. Statutes in that chapter, such as § 301.257 requiring notice of suspension and a hearing, were not affected by S.B. 661.

In order to preserve any right to judicial review under § 536.100, it was necessary for APC, Inc. to exhaust its right to administrative review. Thus, under § 301.257, a hearing before the director of revenue was required. If, as APC, Inc. contends here, a hearing was also to be had before the administrative hearing commission, the consequence would be two administrative hearings because the administrative hearing commission has no power under the statute to conduct its review on a record made before another state agency.

*Labrayere v. Goldberg,* 605 S.W.2d 79 (Mo. banc 1980), is instructive as to this problem although it involved other issues. In *Labrayere,* the question was whether additional sales and use taxes were owed. The director of revenue made a tentative finding of an assessment and a hearing was conducted, but not concluded by a final decision before S.B. 661 became effective. Section 144.240, RSMo 1969, which empowered the director to conduct hearings on sales and use tax assessments, was amended by S.B. 661 and proceedings before the administrative hearing commission were substituted. The question was whether the circuit court had jurisdiction to review the decision of the director, ultimately made in the case after the effective date of S.B. 661.

---

1. All statutory references are to RSMo 1986 except as otherwise noted.

The court held in *Labrayere* that cases which "straddled" the procedural change could be pursued to conclusion and that the Labrayeres were entitled to review by the director of revenue and by the circuit court, bypassing the administrative hearing commission. This was so despite the fact that under S.B. 661, the hearing as to the use and sales tax assessments was to be had before the administrative hearing commission.

The *Labrayere* opinion is particularly applicable to and controlling in the present case because the court also held that S.B. 661 gave the administrative hearing commission no power to review a case on the record made before another agency and gave aggrieved parties no right to more than one hearing before an administrative body. The language in the opinion is as follows:

> Unlike § 536.100, RSMo 1978, and § 161.337, RSMo 1978 which provide for judicial review of administrative action, § 161.273 [now Sec. 621.050, RSMo 1986] does not establish a standard by which the Administrative Hearing Commission should review the action of the director of revenue in the light of the evidence on the record before the director of revenue. The absence of any provision for review by the Administrative Hearing Commission of the record in the department of revenue confirms that the legislature did not contemplate that the new procedures would require a separate hearing both in the department of revenue and in the Administrative Hearing Commission in any case.

*Labrayere*, 605 S.W.2d at 84.

The enactment of § 621.050 did not affect § 301.257 under which respondent in this case suspended APC, Inc.'s dealer registration. That section required written notice to APC, Inc. and a hearing before the director. APC, Inc.'s right of appeal from the director's decision was pursuant to Chapter 536, RSMo, which allows judicial review of a final decision in a contested case decided by an administrative body. There is no right of appeal to the administrative hearing commission where the law otherwise provides for notice and hearing before the administrative body, in this case, the director of revenue. APC, Inc.'s contention here would result in separate hearings on the same subject before the director of revenue and the administrative hearing commission, a procedure which *Labrayere* expressly states is not provided under § 621.050.

For the reasons stated, the administrative hearing commission had no jurisdiction to hear this case and correctly ordered it dismissed. The judgment is affirmed.

All concur.