STATE of Missouri ex rel. John J.
SANSONE, Appellant,

v.

John J. QUINN, Excise Commissioner of the
City of St. Louis, Missouri, Respondent.

No. 32648.

St. Louis Court of Appeals.

Missouri.

March 27, 1968.

Rooney, Webbe & Davidson, Ben Messina, Robert O'Hanlon, St. Louis, for plaintiff-appellant.

Gary M. Gaertner, City Counselor, St. Louis, for defendant-respondent.

RUDDY, Judge.

This is an appeal by John J. Sansone, owner and operator of a tavern located at 501 Franklin Avenue in the City of St. Louis, from a judgment of the circuit court affirming an order of John J. Quinn, Excise Commissioner of the City of St. Louis, revoking a liquor license issued to appellant.

On March 17, 1966 a citation to suspend or revoke the liquor license of Sansone was served on him. In the citation Licensee was notified that the Excise Commissioner would hold a hearing on the 5th day of April, 1966 in the City Hall, St. Louis, Missouri to inquire into certain violations of the liquor laws contained in the Revised Code of the City of St. Louis. All section references herein are to the Revised Code of the City of St. Louis, unless otherwise indicated.

In the citation it was charged that licensee, while possessing his liquor license, on March 10, 1966 did not at all times operate an orderly place or house as required under Section 372.100, in that he suffered and permitted a violation of Section 373.021 to occur on or about his licensed premises. (Section 373.021 prohibits the solicitation for prostitution on licensed premises). It was further charged that Licensee on March 10, 1966 suffered or permitted disorderly, lewd, or indecent conduct on or about his licensed premises in violation of Section 372.140. (Section 372.140 provides that "* * * No person licensed under the provisions of Chapters 376 or 377, his agent, servant or employee shall suffer or permit any disorderly conduct, or immoral dancing or lewd or indecent conduct on his licensed premises.") It was further charged in said citation that said Licensee, while possessing the aforesaid license, failed to notify the Excise Commissioner of all employees who handled or sold, or assisted in the handling or sale of intoxicating liquor or non-intoxicating beer in any manner in violation of Section 374.063. (Section 374.063 provides as follows: "* * * All persons licensed under the provisions of Chapters 376 or 377 shall notify the Excise Commissioner in writing of all employees who handle or sell, or assist in the handling or sale of intoxicating liquor or non-intoxicating beer in any manner, * * *.")

After pointing out that licensees are at all times responsible for the conduct of their business and premises and are at all times responsible for the conduct and acts of any employee on the premises, which is in violation of the liquor ordinances of the City of St. Louis, said citation contained the following:

"Notice is hereby given that the Excise Commissioner DOES NOT PROVIDE STENOGRAPHERS to suitably record and preserve testimony adduced in hearings.

"The Excise Commissioner at the request and expense of any party or parties shall cause all proceedings and hearings to be suitably recorded and preserved by a competent stenographer.

"Any party desiring to have said proceedings recorded shall make immediate arrangements so as not to delay the date of hearing."

It appears from Commissioner's Findings of Fact that Licensee failed to appear on April 5, 1966 and on said date the testimony of Detective Gene Killoren was taken; however, it appears that an additional hearing was held on April 12, 1966 in order to afford Licensee an opportunity to cross-examine Detective Killoren and to produce evidence in his own behalf. He appeared on April 12, 1966. At this hearing he stated that he did not desire to obtain a record of the proceedings at his own expense. On April 14, 1966 the Commissioner, in a letter to Licensee, informed him that his full drink intoxicating liquor license issued for his premises at 501 Franklin Avenue, St. Louis, Missouri, had been revoked, effective April 19, 1966. Included in this letter were Findings of Fact and a conclusion of law made by the Commissioner. Thereafter, Licensee filed a petition for review in the circuit

court wherein he prayed that the court direct the Commissioner to surrender to the court a "* * * true, perfect and complete copy of the records of the proceedings which took place before him and the decision, ruling and order in this matter, including findings of fact, conclusions of law pertaining thereto, * * *." In response to the order of the circuit court the Commissioner filed with said court a copy of the citation issued and heretofore summarized and a copy of the aforesaid letter addressed to Licensee on April 14, 1966, containing the Findings of Fact and conclusion of law and order of the Excise Commissioner. Obviously, a record of the testimony adduced at the hearing could not be supplied to the circuit court by the Commissioner. In the Findings of Fact the Commissioner informed Licensee that he took cognizance of the fact that Licensee had failed to provide means of suitably recording testimony adduced at the hearing conducted in the office of the Commissioner on April 12, 1966 and that Licensee had stated that he did not desire to obtain a record of the proceedings at his own expense. The Commissioner then made the following finding:

"Because of the testimony of Detective Gene Killoren (Police Officer of the St. Louis Metropolitan Police Department, assigned to the Liquor, Morality and Gambling Squad) I find that on March 10, 1966 Detective Dennis Hart, in the presence of Detective Killoren, made a telephone call to your tavern at 501 Franklin Avenue and spoke with a girl known as Ruth. Detective Hart identified himself as Frank and made a date with Ruth. Detective Hart, in his conversation with Ruth used terms such as 'get together for a party' and 'lay'. Detective Killoren then went to your licensed premises at 501 Franklin Avenue and identified himself as Frank to a woman who identified herself as Ruth. Subsequently, Ruth served Detective Killoren a bottle of Falstaff beer. Ruth was behind the bar when she served this bottle of Falstaff beer to Detective Killoren.

Detective Killoren paid Ruth for this bottle of beer. Detective Killoren then asked Ruth if she were free. Ruth replied, 'Yes, I can get away. I'll talk to the boss.' Ruth then spoke to licensee John J. Sansone. Both Ruth and John J. Sansone were behind the bar at this time. Detective Killoren did not overhear this conversation. Ruth then spoke to another man, identified as Wilson, and told him to bring Detective Killoren upstairs in a few minutes. Ruth then said to Detective Killoren 'He (Wilson) will bring you upstairs in a few moments.' Wilson then took Detective Killoren through the rear door of the tavern and upstairs and into a room. Almost immediately after this, Ruth entered and Wilson left. Ruth then removed her blouse and skirt. Detective Killoren then asked, 'Is the price still right—$15.00 for a straight lay?' Ruth answered, 'Yes.' Ruth then began unfastening her brassiere. At this point, Detective Killoren handed her a $5.00 bill which she accepted. Detective Killoren then identified himself as a Police Officer, arrested Ruth and seized the $5.00 bill. Ruth was then identified as Ruth Marie Morgan alias Dorothy Morie."

The Commissioner further found in his Findings of Fact that an examination of his records in his office disclosed that Ruth Marie Morgan, alias Dorothy Morie, was not listed in his office as an employee of the licensee, Sansone. He then referred the Licensee to Section 370.140, which defines an employee as "* * * A person who works or performs services for or without compensation for a person licensed under the provisions of Chapters 370 through 378." The Commissioner also found that the records of his office showed that said Licensee had been found guilty of liquor ordinance violations on three other occasions, on which occasions suspensions were ordered. In his conclusion of law the Commissioner found that because of the evidence adduced in the hearings, that said Licensee, Sansone, did violate all of the sections of the Revised Code of the City of St. Louis, Missouri re-

ferred to in the citation. The Commissioner then ordered the full drink intoxicating liquor license of Licensee's premises at 501 Franklin Avenue, St. Louis Missouri be revoked.

■ The Licensee asserts two points, in the first of which he contends that because the evidence presented at the Commissioner's hearing, and relied upon by the Commissioner in issuing his order, was hearsay, therefore, it was not competent and substantial evidence within the meaning of the law. The Licensee is in no position to have a review of the question of whether the order of revocation was supported by competent and substantial evidence on the whole record for the reason that he failed to preserve a record for the circuit court and for this court to review after being notified prior to the hearing that he must record the evidence at his own expense if such a record is to be preserved. This is a requirement of Section 536.070(4) RSMo 1959, 1967 Cumulative Annual Pocket Part, 37 V.A.M.S. This section provides that if any party desires such a record of the evidence he must make arrangements in advance and may have a copy of all or any part of the record of any proceeding upon payment of the proper charges therefor. As heretofore pointed out the Licensee did not desire to obtain such a record at his own expense. In the case of State ex rel. Baumann v. Quinn, Mo., 337 S.W.2d 84, the Supreme Court held in a similar situation that the burden of presenting a record of the proceeding to an appellate court is on the party appealing. In that case no record was ordered or preserved by the Licensee and the court held that in the absence of such a record the circuit court and the appellate court would not be required to determine the question of whether the order of revocation was supported by competent and substantial evidence upon the whole record.

■■ However, Licensee contends that the Commissioner's Findings of Fact show that the revocation order was not based on competent and substantial evidence because said Findings, in part, are based on inadmissible hearsay evidence, referring to a part of the testimony offered by Detective Killoren about the conversation he had with Ruth. The case of State ex rel. 807, Incorporated, a Corporation v. Saitz, Supervisor of Liquor Control, State of Missouri, 425 S.W.2d 96, recently decided by the Supreme Court casts some doubt on whether the aforesaid conversation constitutes a violation of the hearsay rule. In a somewhat similar situation the court said, "* * * the women's statements simply were observable 'verbal acts, which actually are a part of the transaction under investigation' and to which the agents, as witnesses, were competent to testify. * * *" However, assuming, without holding that the Findings of Fact may be used for a determination of this contention and assuming further, that the aforesaid conversation was hearsay, nevertheless, hearsay evidence even though inadmissible, when not objected to, as is the situation here, has the force and effect of proper evidence and is to be accorded its natural probative effect and can be considered to support the findings and order of the Commissioner. Williams v. Cavender, Mo., 378 S.W.2d 537, 541; In re Petersen's Estate, Mo., 295 S.W.2d 144, 148; Crampton v. Osborn, 356 Mo. 125, 201 S.W.2d 336, 340, 172 A.L.R. 344; Bussmann Mfg. Co. v. Industrial Commission of Mo., Mo.App., 327 S.W.2d 487, 492; Hicks v. Shanabarger, Mo.App., 236 S.W.2d 49; 30 Am.Jur.2d, Evidence, § 1089, p. 245, § 1103, p. 268; 79 A. L.R.2d, p. 896. An examination of the Findings of Fact show clearly that the order of revocation was supported by competent and substantial evidence. It should be pointed out that Licensee's failure to notify the office of the Excise Commissioner that Ruth was an employee of the Licensee constitutes a violation of Section 374.063. It will be remembered that the Commissioner found that she had served Detective Killoren a bottle of beer when in fact she was not listed as an employee of Licensee.

■ In the second and final point urged by Licensee he contends that Section 372.-023 of the Revised Code of St. Louis was

violated because he at no time was informed of his right to counsel. The pertinent part of the aforesaid section merely provides that "* * * the licensee shall have the right to have counsel and to produce witnesses in his behalf. * * * " Traffic in intoxicating liquor is a mere matter of privilege. It has been held not to be a lawful business except as authorized by express legislation; that no person has a natural or inherent right to engage therein; that the liquor business does not stand upon the same plane, in the eyes of the law, with other commercial occupations. It is placed under the ban of law, and it is therefore differentiated from all other occupations, and is thereby separated or removed from the natural rights, privileges, and immunities of the citizen. State v. Wipke, 345 Mo. 283, 133 S.W.2d 354 and Milgram Food Stores, Inc. v. Ketchum, Mo., 384 S.W.2d 510.

■ The proceeding under review is not a criminal prosecution. It is in the nature of a civil proceeding. Johnson v. Watkins, Mo.App., 298 S.W.2d 535, 538. The aforesaid section of the Revised Code of St. Louis merely gives to the Licensee the right to have counsel and to produce witnesses in his behalf and we see nothing in the section that imposes on the Commissioner the duty to advise Licensee of his right to have counsel, inasmuch as this is in the nature of a civil proceeding. Licensee cites the case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This was a case, as the court said, that went to the roots of our concepts of American criminal jurisprudence and determined the restraints society must observe consistent with the Federal Constitution in prosecuting individuals for crime and more specifically dealt with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation and the necessity for procedures which assure that the individual is accorded his privilege under the Fifth Amendment to the Constitution not to be compelled to incriminate himself. Obviously, the Miranda case is not to be applied to a proceeding that is civil in nature

and does not involve anyone in the custody of police. The sole effect of the Commissioner's order was to revoke the liquor license of Licensee and did not involve his personal liberties. As we said the license is a privilege and may be retained only as long as Licensee does not violate the conditions of its issuance. The judgment of the circuit court affirming the Excise Commissioner's revocation of Licensee's liquor license is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.