Frances GONZALEZ, (Appellant),

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, (Respondents).

No. WD 34305.

Missouri Court of Appeals,
Western District.

Nov. 15, 1983.

Janice I. Cebula, Legal Aid of Western Mo., Kansas City, for appellant.

Timothy P. Duggan, Asst. Atty. Gen., Jefferson City, for Labor.

Sharon Ann Willis, Kansas City, for Div. of Employment Sec.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Judge.

Appellant made application for extended unemployment compensation benefits under § 288.062, RSMo Supp.1982. A deputy of the Division of Employment Security determined appellant to be ineligible and on appeal, the Appeals Tribunal and the Labor and Industrial Relations Commission affirmed the deputy's decision. On petition for review, the circuit court affirmed the Commission. Appellant now presents the cause here for review of the decision of the Commission. Affirmed.

Appellant had been employed by University of Health Sciences for approximately two years as a housekeeper when she was discharged June 8, 1981. She made claim for unemployment compensation benefits and on June 25, 1981 a deputy of the Division of Employment Security determined appellant was disqualified for waiting week credit because her discharge was the result of misconduct connected with her work. A disqualification period of five weeks was assessed. Thereafter, appellant remained unemployed and commenced receiving benefits following expiration of the five week term. She exhausted the 26 week period for which regular benefits were then provided.

In March, 1982, a program of extended unemployment compensation benefits became available by legislative enactment. Appellant was still unemployed and she filed a claim for extended benefits. The claim was denied on the ground that claimants are not eligible for extended benefits if they have previously been subjected to disqualification for primary benefits and have not thereafter been employed for at least four weeks and have earned wages equal to at least four times the weekly benefit amount.

On this appeal, Gonzalez contends the decision by the Commission was in error because [a] the denial of benefits was an impermissible retrospective application of the law, and [b] appellant was not afforded the due process rights of notice and a meaningful hearing on the fact question of job related misconduct.

Appellant's argument on the first branch of her contentions proceeds on dual grounds. She first argues that the 1982 statute, § 288.062.4 RSMo Supp.1982, gives no indication that the legislature intended a retrospective application of provisions for disqualification. Alternatively, if that be the construction, she asserts the result to be an ex post facto law in violation of Article I, § 13 of the Missouri Constitution.

Of necessity, the statutes involved are required for reference and, for convenience, are reproduced as follows:

Section 288.050.2:

"2. Notwithstanding the other provisions of this law, if a deputy finds that a

claimant has been suspended or discharged for misconduct connected with his work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than one nor more than sixteen weeks for which he claims benefits and is otherwise eligible. In addition to the disqualification for benefits under this provision the division may in the more aggravated cases of misconduct cancel all or any part of the individual's wage credits, which were established through his employment by the employer who discharged him, according to the seriousness of the misconduct."

Section 288.062.4:

"4. A claimant shall not be eligible for extended benefits following any disqualification imposed under subsection 1 or 2 of section 288.050, unless subsequent to the date of the disqualifying act, the claimant has been employed during at least four weeks and has earned wages equal to at least four times his weekly benefit amount."

The initial question to be addressed is whether § 288.062.4, RSMo Supp.1982 disallowing extended benefits to claimants previously disqualified for waiting week credits under claims for primary benefits is retrospective in operation when applied to this appellant. Appellant assumes that to be the effect of her declaration of ineligibility, but if that not be so, then there need be no exploration of the questions of statutory interpretation and constitutional proscription.

■ In *Planned Indus. Expansion Auth. v. Southwestern Bell Tele. Co.,* 612 S.W.2d 772, 775 (Mo. banc 1981), drawing upon previous cases there cited, the court set out the attributes of a retrospective law. A retrospective law is one that relates back to a previous transaction giving it a different effect from that which it had under the law when it occurred. Merely because a statute relates to antecedent transactions, it is not retrospective if it does not change the legal effect of the transactions. The constitutional limitation on ex post facto laws prohibits any law which takes away or impairs vested rights acquired under existing laws, or which attaches a new disability in respect to transactions or considerations already passed.

■ In the present case, at the time appellant made application for primary unemployment compensation benefits, there were no extended benefits available. Section 288.062, RSMo Supp.1982 was not adopted by the legislature until the following year. When appellant was declared to be disqualified for waiting week credit under her claim for unemployment compensation, the effect upon appellant's rights was limited to benefits then available. At that time, appellant could neither have acquired nor been deprived of eligibility under a future program with conditions not yet in existence. Despite the operative effect given to the prior transaction, the subsequent declaration of eligibility requirements for extended benefits was prospective. If no right vested at the time of the prior transaction, a statute is not retroactive if it attaches to acquisition of the subsequent right a condition associated with a prior transaction.

■ A further ground precludes a claim by appellant that the terms of eligibility for extended unemployment benefits impair retrospectively her qualification. In § 288.-370, RSMo 1978, the legislature has expressly reserved the right to amend or repeal all or any part of the Employment Security Law and has declared that there may be no vested private right against amendment or repeal. By the operation of this section, rights to unemployment benefits accrue only on a current basis and are subject to peremptory termination by the power of the legislature. Appellant had no vested right to extended unemployment benefits at the time such benefits were made available by adoption of the applicable legislation. The legislature was entitled to decide the requirements for eligibility and so long as appellant did not meet those requirements during any time while the benefit program

was in effect, she acquired no vested rights immune from legislative interdiction.

The second branch of appellant's argument proceeds on due process grounds and relates in some extent to the facts of the case associated with the original declaration of disqualification. The parties are apparently in agreement that the determination of disqualification for misconduct was effectively by default in the first claim. Appellant did not appeal but served the sanction of the extended waiting period before collecting the full term of primary benefits. At the hearing conducted on the present claim for extended benefits, appellant contended she was entitled to dispute the fact of misconduct and secure an adjudication of the issue on the merits.

The commission refused to reopen the issue of whether there was a factual basis to support the employer's assertion and the deputy's decision that appellant was discharged for misconduct related to her work. Appellant argues here that she was entitled to litigate the fact question, first, because she has never had a full hearing on the issue and, second, because any prior hearing was meaningless if conducted without notice or knowledge of the impact which the decision would have on availability of extended benefits. She relies generally on the assertion that constitutional due process entitled her to effective notice and a hearing conducted at a meaningful time.

■■■ There can be no question but that benefit programs constitute property interests in persons entitled to receive the subsidy and that the benefits are protected by procedural requirements. *Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017, 25 L.Ed.2d 287 (1970). After appellant here lodged her claim for extended unemployment benefits, she was entitled to notice of denial of the claim, a statement of reasons and a hearing if she chose to contest the decision. As the record shows, she did receive notice and hearing. The complaint is that the administrative tribunal did not, in actuality, afford appellant a hearing on the fact issue of misconduct and, for this reason, appellant contends there was want of due process.

■■■ The record presented here is not adequate to demonstrate whether appellant appeared and offered evidence relative to the issue at the original hearing on her application for primary unemployment benefits in 1981. Assuming that she did not, it is nonetheless undisputed that notice and an opportunity to be heard and to appeal the decision were provided. There is no contention here that the proceedings associated with the first claim were in any way procedurally defective. Appellant simply contends that she is entitled to a determination of the misconduct issue made contemporaneously with the availability of the later program of extended benefits.

The contention is ruled to be unavailing because misconduct associated with appellant's work was not a fact issue determinative of her qualification for extended benefits. As § 288.062.4, RSMo Supp.1982 states, a claimant is not eligible for extended benefits following disqualification under § 288.050 unless the claimant was employed subsequent to the date of disqualification. It is not contended here by appellant that she had any employment after her discharge by University of Health Sciences nor does she dispute the fact of the decision as to disqualification made by the deputy in the disposition of the primary benefit claim in 1981. She merely wishes to litigate again the ground for the earlier disqualification.

Under the statute, one who has previously been disqualified to receive primary unemployment benefits is ineligible to receive extended benefits. The operative circumstance or condition is the disqualification, not the conduct or act which formed the basis for disqualification. The final adjudication of disqualification suffices under the statute as proof of ineligibility. It is irrelevant upon which of the several statutory grounds the disqualification was based. The commission was correct in refusing to consider appellant's challenge to the fact question about job related misconduct.

The decision by the Labor and Industrial Relations Commission is affirmed.

All concur.