**Walter DILWORTH, Rosie Burton, Jolinda Johnson & Larry Carter, Appellants,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION OF MISSOURI & Division of Employment Security, Respondents.**

**No. WD 34872.**

Missouri Court of Appeals, Western District.

May 9, 1984.

Janice Cebula, Legal Aid of Western Mo., Kansas City, for appellants.

Sharon A. Willis, Kansas City, and Rick V. Morris, Jefferson City, for Div. of Employment Security.

Catherine J. Barrie and Alan J. Downs, Jefferson City, for Labor & Ind. Relations Com'n.

Before PRITCHARD, P.J., and MANFORD, and NUGENT, JJ.

MANFORD, Judge.

This is an appeal from a circuit court judgment affirming a decision of the Missouri Labor and Industrial Relations Commission which denied extended and federal supplemental compensation benefits. The judgment is affirmed.

Five points are presented, which in summary charge that the trial court erred in affirming the decision of the Commission, because (1) the Commission erred in applying § 288.062.4, RSMo Supp.1982 retroactively, (2) the Commission erred in relying upon an invalid state regulation, (3) the Commission failed to provide notice relative to the denial of future benefits, (4) the Commission failed to provide any timely notice relative to the denial of future benefits, and (5) the Commission erred in failing to consider the issue of misconduct.

In summary, the facts are as follows. Four separate claims for extended benefits came to this court as separate appeals, and by order of this court the cases were consolidated. The claimants, now appellants, are Walter Dilworth, Rosie Burton, Jolinda Johnson and Larry Carter. All four claimants were discharged from their employment for misconduct connected with their work prior to March 10, 1982. Because of their discharge based upon work-related misconduct, all four claimants were disqualified from benefits for a period ranging from three to ten weeks. Claimants Burton and Carter appealed the deputy's determination of disqualification and after a hearing, the Appeals Tribunal affirmed the deputy's ruling. Neither Dilworth nor Johnson lodged any appeal. None of the claimants secured re-employment. All four served their weeks of disqualification, then collected compensation until the regular benefits were exhausted.

The Missouri General Assembly enacted § 288.062.4, effective March 10, 1982, which reads:

"4. A claimant shall not be eligible for extended benefits following any disqualification under subsection 1 or 2 of section 288.050 unless subsequent to the date of the disqualifying act, the claimant has been employed during at least four weeks and has earned wages equal to at least four times his weekly benefit amount.[1]

The above enactment was followed by federal legislation commonly called The Federal Supplemental Compensation Act of 1982 (effective September 3, 1982) which provides that the terms and conditions of state laws which are applicable to extended benefits shall also apply to Federal Supplemental Compensation benefits.

The four claimants filed for additional benefits. Dilworth filed for extended benefits on April 11, 1982. Johnson filed for federal supplemental benefits on September 12, 1982. Barton filed for federal supplemental benefits on November 28, 1982. All four claims were denied upon a finding that all four claimants had neither worked four weeks nor earned four times their weekly benefit amount as prescribed by § 288.062.4. All four claimants appealed the denial and after a hearing, the Appeals Tribunal affirmed the deputy's decision. Appellants then appealed to the Commission, which denied their applications for review. All four claimants filed a petition

---

1. The evidence is undisputed that none of the claimants herein had worked four weeks, nor had any of them earned four times their weekly benefit amount.

for review. The circuit court affirmed the Commission's decision. This appeal followed, and all four cases were consolidated.

Under their first point (1), claimants charge that the Commission applied § 288.062.4 retroactively in the denial of their claim for extended benefits and federal supplemental benefits. It is their argument that all four were discharged from employment for misconduct prior to March 10, 1982, and at the time of their discharge, Missouri provided no additional penalty as to ineligibility for either extended or federal supplemental benefits for claimants who were disqualified from receiving regular benefits to discharge for misconduct. Further, the Missouri General Assembly enacted § 288.062.4, effective March 10, 1982, which, by its wording, adds an additional penalty relative to ineligibility for extended benefits unless a claimant returns to work for four weeks and earns an amount four times the claimed weekly benefit.

The passage of the Federal Supplemental Act, by its wording and application, made § 288.062.4 applicable to federal supplemental benefits. It is the contention of claimants that the Commission applied § 288.062.4 to their claims retroactively in that they had been discharged and were determined to be disqualified prior to March 10, 1982, hence the statute does not apply to them.

While this court has been provided with a thorough case history from numerous jurisdictions, no purpose is served in giving any attention to that authority, for this precise contention has already been squarely ruled in our own state in *Gonzalez v. Labor and Industrial Relations Commission and Division of Employment Security*, 661 S.W.2d 54 (Mo.App.1983). On the question of the retroactive application of a statute, this court ruled at p. 56: "A retrospective law is one that relates back to a previous transaction giving it a different effect from that which it had under the law when it occurred. Merely because a statute relates to antecedent transactions, it is not retrospective if it does not change the legal effect of the transaction." *Gonzalez* also

addresses and declares that there are no vested private rights under the Missouri unemployment compensation law as against either the amendment or repeal of the Missouri Employment Security Law.

■ In the instant case, just like in *Gonzalez*, the claimants were discharged, disqualified and also filed their claims for regular benefits prior to the effective date of § 288.062.4. The effect of the pre-March 10, 1982 claim filing was that the claimants herein, like Gonzalez, had no vested right to either extended benefits or federal supplemental benefits. As this court said in *Gonzalez* at 56, "[w]hen appellant was declared to be disqualified for waiting week credit under claim for unemployment compensation, the effect upon appellant's rights was limited to benefits then available," the same rule is applicable to claimants herein.

■ As a companion argument, the claimants herein urge that they were entitled to a hearing upon the issue of their misconduct [addresses claimants' point (5)] at the time of their application for extended benefits and federal supplemental benefits. This same contention was made in *Gonzalez* and ruled adversely to the claimant. In *Gonzalez* at 57, this court declared that the issue of "misconduct associated with appellant's work was not a fact issue determinative of her qualifying for extended benefits." This court again adopts this ruling and finds that it is also equally applicable to the claims for federal supplemental benefits because the federal law provides that all state laws thus applicable to claims for extended benefits are also applicable to claims for federal supplemental benefits.

Claimants' points (1) and (5), being ruled squarely by *Gonzalez*, are found to be meritless and are ruled against them.

Under their point (2), claimants contend that the Commission erred in relying upon and applying an invalid state regulation, 8 C.S.R. 10–4.110.

■ No extended discussion of this point is necessary because it is clear from the record that the determination of ineligibili-

ty ruled herein was upon and pursuant to § 288.062.4 and not the questioned state regulation. The validity or lack thereof of the foregoing state regulation became moot as it was superceded in any event by § 288.062.4, which was the applicable statute and the statutory authority upon which the claimants herein were denied both extended benefits and federal supplemental benefits.

There is no merit to claimants' point (2) and it is ruled against them.

■ Claimants' points (3) and (4) address a common issue, to wit, notice and the timeliness of a notice of ineligibility for extended benefits and federal supplemental benefits based upon a prior disqualification for discharge due to misconduct at work.

Reduced to its simplest form, claimants' arguments relative to their last two points are that they were entitled to a timely notice of declaring them ineligible for extended benefits and federal supplemental benefits based upon their prior disqualifications. Stated another way, the claimants contend that at the time they applied for and prior to their being subsequently disqualified for extended benefits and federal supplemental benefits, they were entitled to timely notice that such action could or would be taken. In essence, claimants seek a hearing upon the issue of their misconduct, also claiming that their application for extended benefits and federal supplemental benefits entitled them to a timely notice on this issue. As observed above in the disposition of point (5) simultaneously with point (1), *Gonzalez* ruled misconduct was not a fact issue associated with a claim for extended benefits, and the court concluded no hearing was necessary. It logically follows that if no hearing was required because misconduct was not a fact issue, then no timely notice was required either.

Claimants' points (3) and (4) are meritless and both are ruled against them.

Judgment affirmed.

All concur.