**Walter F. SCOTT, et al., Plaintiffs,**

v.

**DEPARTMENT OF PUBLIC SAFETY EXCISE DIVISION, et al., Defendants.**

No. 91–2228C(6).

United States District Court, E.D. Missouri, E.D.

June 10, 1992.

Walter F. Scott, Gaylard Williams, Gaylard Williams, P.C., St. Louis, Mo., for plaintiffs.

David Bohm, Asst. City Counselor, St. Louis, Mo., for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment. Plaintiff Scott has filed a response to defendants' motion.

Plaintiffs Walter F. Scott and the Posh Club, Inc. bring this civil rights action against the Department of Public Safety Excise Division, Mayor Vincent Schoemehl and Robert Kraiberg, Excise Commissioner for the City of St. Louis. Plaintiffs claim that defendants have violated numerous provisions of the Missouri and United States constitutions because Kraiberg has required the Posh Club to supply certain information before it can obtain a full drink liquor license.[1]

---

1. Defendants question Scott's standing to raise these issues. Because the Posh Club has standing even if Scott does not, the Court has considered the merits of the claims. Furthermore, the Posh Club has complied with the Court's previous order and has retained counsel, al-

On October 20, 1988, Scott submitted an application for a liquor license. On December 30, 1988, he amended the complaint to name the Posh Club as the applicant. At that time, City law required applicants for a full drink liquor license to submit signatures of a majority of the persons owning property and a majority of the persons occupying or conducting business on the surface floor and the first floor above the surface floor within a circle drawn by a radius of 200 feet plus one-half of the width of the front of the premises. St. Louis, Mo., Code § 14.28.040. Scott submitted a neighborhood consent petition to the Excise Division in compliance with this requirement on January 19, 1989. The Excise Division held an application hearing on February 15, 1989, at which time Scott's permit was conditionally approved provided he would supply additional documentation. By letter of March 17, 1989, Kraiberg informed Scott that the Posh Club's application would be voided if he did not respond within ten days. A second letter was sent on May 24, 1989, informing Scott that supporting documents for the Posh Club's application would be accepted only until June 24, 1989, after which the application would be considered abandoned. By letter dated July 6, 1989, Scott expressed his continued interest in obtaining a liquor license and provided some, but not all, of the necessary information.

In April of 1990, Scott renewed his request to receive a liquor license. Kraiberg instructed Scott that he must reapply although he need not pay the application fee and that the law now requires full-liquor-license applicants to submit a 350–foot petition circle. *See* St. Louis, Mo., Code § 14.-01.310. Kraiberg informed Scott of the change in the law and Scott obtained the necessary forms, although he has never submitted the completed forms to Kraiberg. On June 1, 1990, plaintiffs were again given ten days to complete the application or it would once again be voided. Kraiberg did not receive any further correspondence from Scott until October 24,

1991, at which time he received two identical letters inquiring why the Posh Club must reapply and submit a new petition.

Plaintiffs' complaint essentially takes issue with Kraiberg's decision to apply the new petition circle requirements to them because the initial application was completed when the law required the consent of fewer neighbors. Plaintiffs also claim that Scott should have been informed of a time limit for completing the application either when he applied or at the hearing. None of plaintiffs' pleadings, however, dispute that on several occasions Kraiberg informed Scott that the initial application would be voided if not completed within ten days. Furthermore, plaintiffs contend that Kraiberg knew that the work on the premises necessary to receive the requisite documents was in progress. Plaintiffs argue that their efforts were proceeding at a reasonable rate.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Plaintiffs' primary claim is that defendants violated the due process clause of the Fourteenth Amendment. Deprivation of a constitutionally protected interest, either life, liberty or property, is one ele-

---

though counsel has yet to sign any of the documents submitted to this Court other than his

entry of appearance.

ment of a Fourteenth–Amendment–due-process violation. *Carolan v. City of Kansas City*, 813 F.2d 178, 181 (8th Cir.1987). State law, or other sources independent of the Constitution, create and define constitutionally protected property interests. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). If local law establishes an entitlement to the benefit, the Fourteenth Amendment's due process protection applies. *Id.* But even if the law creates an entitlement to a permit, an applicant·must have complied with all legal prerequisites for receiving that permit before a protected property interest can arise. *Littlefield v. City of Afton*, 785 F.2d 596, 602 (8th Cir.1986).

■ Kraiberg, as Excise Commissioner, conditions receipt of a liquor license in part on the submission of certain documents that plaintiffs did not provide, such as a health inspection report, a building occupancy permit and a restaurant license. *See* St. Louis, Mo., Code §§ 14.28.020, .080 (Commissioner can define necessary proof and must find that business will operate in compliance with state laws). Plaintiffs' failure to supply these documents precludes creation of a constitutionally protected property interest. *See Littlefield*, 785 F.2d at 602, *see also Zenco Dev. Corp. v. City of Overland*, 843 F.2d 1117, 1118 (8th Cir.1988) (no property interest in renewal of liquor license). Because plaintiffs were not deprived of life, liberty, or property, they have not stated a due process violation.

The complaint also states that defendants violated the Equal Protection clause. The absence of any allegations that plaintiffs were treated differently than other persons or groups is fatal to plaintiffs' Equal Protection claim. *See Occhino v.*

*Northwestern Bell Tel. Co.*, 675 F.2d 220, 225 (8th Cir.), *cert. denied*, 457 U.S. 1139, 102 S.Ct. 2971, 73 L.Ed.2d 1358 (1982).

■ Plaintiffs' last claim under the United States Constitution arises from the privileges and immunities guarantee.[2] The Fourteenth Amendment's privileges and immunities clause does not entitle individuals to conduct·a business free of otherwise valid state regulations. *Head v. New Mexico Bd. of Examiners in Optometry*, 374 U.S. 424, 432–33 n. 12, 83 S.Ct. 1759, 1764–65 n. 12, 10 L.Ed.2d 983 (1963). Plaintiffs' summary allegations as to this ground do not state a claim.

■ Plaintiffs also challenge the propriety of the liquor license process under article I, sections 2 and 13 of the Missouri constitution.[3] The Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. 1346. The Missouri constitution ensures "that all persons have a natural right to … the enjoyment of the gains of their own industry." Mo. Const. art. I, § 2. But plaintiffs fail to appreciate that under Missouri law the business of selling liquor is a matter of privilege rather than of right. *See State ex rel. Sansone v. Quinn*, 426 S.W.2d 917 (Mo.Ct.App.1968).

■ Missouri also prohibits ex post facto and retrospective laws. The revision to the liquor licensing requirements cannot possibly constitute ex post facto legislation because it is not criminal in nature. *See State ex rel. Sweezer v. Green*, 360 Mo. 1249, 1253, 232 S.W.2d 897 (Mo.1950) (en banc). The law likewise is not retrospective, that is, a law that relates back to a previous transaction giving it a different effect from that which it had under the law when it occurred or takes away or impairs vested rights under existing laws. *Gonza-*

---

**2.** Plaintiffs place the source of this right in the First Amendment, which does not contain such a protection. Plaintiffs have not indicated any other aspect of the First Amendment that defendants have allegedly violated.· The "privileges and immunities" phrase also appears in Article IV, Section 2, which provides that "[t]he citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States." U.S. Const. art. IV, § 2. The facts

alleged by plaintiffs do not even suggest a violation of this provision.

**3.** Plaintiffs also cite article I, section 3, governing the powers of Missouri citizens over the internal affairs, constitution and form of government of the state, but the Court can find no relationship between that clause and plaintiffs' claims.

*lez v. Labor & Indus. Relations Comm'n,* 661 S.W.2d 54 (Mo.Ct.App.1983). Plaintiffs never completed the application process by supplying all the required documents and therefore they were never eligible for a liquor license. Plaintiffs argue that Scott should have been informed of a time limit for completing the application either when he applied for the license or at the hearing. Kraiberg avers, and plaintiffs do not contest, that Kraiberg sent Scott two letters after the hearing informing him that unless he completed the application within a brief time period Kraiberg would consider the application abandoned. Plaintiffs did not respond to Kraiberg's admonitions and the application was duly considered abandoned. Liquor license applications cannot remain open indefinitely because it would entirely defeat the purpose of a petition circle. If long delays were tolerated, the composition of the neighborhood could have changed dramatically by the time the actual license was issued.

The new petition circle requirement neither altered the effect of plaintiffs' application nor impaired any vested right. The Court must grant summary judgment for defendants on all claims.