Dana MARTIN, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 97877.

Missouri Court of Appeals,
Eastern District,
Division Four.

Filed Oct. 23, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 2012.

John J. Ammann, St. Louis University Law Clinic, St. Louis, MO, for Appellant.

Ninion S. Riley, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Appellant Dana Martin ("Martin") appeals from the decision of the Labor and Industrial Relations Commission ("Commission") concluding that she was ineligible for unemployment compensation because she had an outstanding balance on a fraud penalty assessed against her several years prior to filing her current claim. Martin claims that the Commission erred in giving retrospective effect to amended Section 288.040.9,[1] which introduced the eligibility requirement, and by not giving her notice of the penalty balance or notice that the statutory amendment made her ineligible for benefits while any portion of her penalty remained unpaid. Because the Commission did not apply the statutory amendment retrospectively, and because sufficient evidence exists to support a finding that Martin had notice of the amount of the penalty assessed against

---

1. All statutory references are to RSMo. Cum. Supp. (2011).

her, we find no error and affirm the Commission's determination of ineligibility.

### Factual and Procedural History

Martin, a school bus driver employed by First Student School Bus Transportation Services, filed weekly claims for unemployment compensation for the weeks ending June 24, 2006, and July 8, 2006, for which she was paid $214 and $172, respectively. On November 29, 2006, the Division of Employment Security ("Division") determined that Martin willfully failed to disclose amounts that she earned from employment during those two weeks, and was overpaid $386 in unemployment benefits. Martin was notified by the Division of the action taken against her in a Determination of Overpaid Benefits letter that was addressed to her.

On January 17, 2007, the Division assessed a fraud penalty on Martin due to her willful failure to report all of her earnings. In the Deputy's Determination of Penalty, the Division stated that Martin was being assessed a penalty of 25% of the amount fraudulently obtained. The Deputy's Determination of Penalty also was addressed to Martin. Because Martin was overpaid $386, she was assessed a penalty of $96.50. The Division recouped the $386 overpayment from Martin's unemployment benefits. On March 28, 2007, the Division intercepted Martin's Missouri income tax refund of $85.48 and applied it to her fraud penalty, leaving a penalty balance of $11.02.

On April 13, 2011, Section 288.040.9 was amended to provide ineligibility for waiting week credit or unemployment benefits for any week in which a claimant has an outstanding penalty that was assessed upon an overpayment of benefits. The statute included an emergency clause, rendering it in full force and effect upon its passage and signing into law.

On April 20, 2011, Martin filed a claim for unemployment benefits and was given a benefit year start date of April 17, 2011. She then filed a weekly claim for benefits for the week ending April 23, 2011. On July 1, 2011, the Division issued Martin a determination that she was ineligible for benefits beginning April 17, 2011, because she had an outstanding penalty owed to the Division. The notice stated that the "ineligibility will continue until all penalties are satisfied." On July 5, 2011, Martin paid the outstanding penalty balance of $11.02. Martin then filed a weekly claim for unemployment benefits for the week ending July 2, 2011.

Martin appealed her ineligibility determination to the Division's Appeals Tribunal. After a hearing, the Appeals Tribunal determined that the evidence showed Martin was ineligible for benefits from April 17, 2011, through July 2, 2011, because she had an outstanding penalty balance during that period. When Martin paid the outstanding balance of the penalty on July 5, 2011, she became eligible to receive benefits for the week beginning July 3, 2011. Martin filed an application for review before the Commission, and the Commission affirmed the decision of the Appeals Tribunal. This appeal follows.

### Point on Appeal

In her sole point on appeal, Martin argues that the Commission erred in determining that a balance of $11.02 owed on her penalty to the Division made her ineligible for unemployment compensation. Specifically, Martin argues that the Commission erred in giving retrospective effect to Section 288.040.9 and in failing to acknowledge that she was given no notice of the $11.02 outstanding balance on the fraud penalty or that the amendment to Section 288.040.9 rendered her ineligible for benefits until the balance was paid.

## Standard of Review

Article V, Section 18 of the Missouri Constitution and Section 288.210 set forth the standard for judicial review of decisions of the Commission in unemployment compensation cases. On appeal, this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) that the Commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210. This Court must determine whether there is sufficient competent and substantial evidence upon the whole record to support the Commission's decision. Mo. Const. art. V, sec. 18; *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo.2003).

■ While deference is given to the Commission's determinations with respect to findings of fact and the credibility of witnesses, we do not give deference to the Commission's determinations regarding questions of law. *Ernst v. Sumner Group, Inc.*, 264 S.W.3d 669, 671 (Mo.App. E.D. 2008). Where the issue is the construction and application of a statute, the case presents an issue of law that this Court reviews *de novo. Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008).

## Discussion

On appeal, Martin claims that the Commission erred in determining that the outstanding balance of $11.02 owed on a fraud penalty to the Division of Employment Security made her ineligible for unemployment compensation. Specifically, she alleges that the Commission should not have given retrospective effect to Section 288.040.9. Martin argues alternatively that she was denied due process because she was given no notice of her outstanding penalty balance or that the amendment to Section 288.040.9 rendered her ineligible for benefits because of her outstanding penalty balance.

*A. Retrospective application of 288.040.9*

Section 288.040 was amended by the legislature and signed into law by the governor on April 13, 2011. Subsection 9 of the amended Section 288.040 states that "[a] claimant shall be ineligible for waiting week credit or benefits for any week such claimant has an outstanding penalty which was assessed based upon an overpayment of benefits...." Section 288.040. Under its emergency clause, Section 288.040.9 came into full force and effect upon its passage and signing into on law on April 13, 2011, shortly before Martin applied for unemployment benefits and four days before Martin's benefit year start date of April 17, 2011. The amendment to Section 288.040.9 was enacted before Martin applied for benefits. However, Martin argues that the Commission gave retrospective effect to the statute because the amendment making her ineligible for benefits was enacted after she was assessed a fraud penalty.

Article I, Section 13 of the Missouri Constitution states that "no ... law ... retrospective in its operation ... can be enacted." In *Gonzalez v. Labor and Industrial Relations Commission*, the court addressed the issue of retrospective laws in the context of employment security. *Gonzalez v. Labor and Indus. Relations Comm'n*, 661 S.W.2d 54, 56 (Mo.App. W.D. 1983). In that case, Gonzalez was discharged from her employment due to misconduct connected with her work. *Id.* at 55. Gonzalez applied for unemployment

compensation benefits, but was assessed a disqualification period of five weeks due to her misconduct. *Id.* After the disqualification period, Gonzalez collected unemployment compensation benefits and exhausted the 26 weeks for which regular benefits were provided. *Id.* Thereafter, a program of extended unemployment compensation benefits became available by legislative enactment. *Id.* Gonzalez applied for extended benefits but was denied on the ground that claimants were not eligible for extended benefits if they had previously been subjected to disqualification for primary benefits and had not thereafter been employed for at least four weeks and earned wages equal to at least four times the weekly benefit amount. *Id.* On appeal, Gonzalez argued that the denial of benefits was an impermissible retrospective application of the law. *Id.*

There, the court stated:

A retrospective law is one that relates back to a previous transaction giving it a different effect from that which it had under the law when it occurred. Merely because a statute relates to antecedent transactions, it is not retrospective if it does not change the legal effect of the transactions. The constitutional limitation on ex post facto laws prohibits any law which takes away or impairs vested rights acquired under existing laws, or which attaches a new disability in respect to transactions or considerations already passed.

*Id.* at 56 (*citing Planned Indus. Expansion Auth. v. Southwestern Bell Tele. Co.,* 612 S.W.2d 772, 775 (Mo. banc 1981)); *see also La–Z–Boy Chair Co. v. Dir. of Econ. Dev.,* 983 S.W.2d 523, 525 (Mo. banc 1999) (noting that "[t]he constitutional prohibition against laws that operate retrospectively applies if the law in question impairs some vested right or affects past transactions to the substantial prejudice of the

parties"). The court noted that when Gonzalez was disqualified for waiting week credit due to her work-related misconduct, the effect upon her rights was limited to benefits available when the disqualification was imposed. *Gonzalez,* 661 S.W.2d at 56. Therefore, "[d]espite the operative effect given to the prior transaction, the subsequent declaration of eligibility requirements for extended benefits was prospective." *Id.*

We acknowledge that Section 288.040.9 was applied to Martin's April 2011 claim as a result of the penalty she accrued in 2007, and that the application of Section 288.040.9 rendered her ineligible to receive benefits. Nevertheless, we reject Martin's claim that the application of the amendment constitutes of a retrospective application of the law. Similar to the requirements of the extended benefits program in *Gonzalez,* Section 288.040.9 does not give Martin's penalty a different legal effect from that which it had under the law when the penalty was imposed. *See Gonzalez,* 661 S.W.2d at 56. When Martin's penalty was assessed in 2007, the legal effect of that assessment was that Martin was required to pay the fraud penalty. Applying Section 288.040.9 to the claim for unemployment benefits filed by Martin on April 20, 2011, did not retrospectively change Martin's prior obligation. The amendment to Section 288.040.9 did not raise the amount of the penalty, change the definition of a penalty, or create additional requirements for Martin to satisfy the penalty. Rather, the amendment prospectively requires the absence of a penalty in order for a claimant to receive benefits. Under Section 288.040.9, Martin's right to receive benefits hinged on the condition that she carried no outstanding balance from her 2007 penalty—a condition Martin failed to meet. However, the amendment did not change the legal effect of the penalty from that which it had un-

der the law when it was assessed in 2007. *See Gonzalez*, 661 S.W.2d at 56 (noting that a statute is not retroactive merely because it hinges the ability to receive future benefits on a condition associated with a prior transaction).

■ Moreover, at the time Section 288.040.9 was enacted, Martin had no vested rights to any unemployment benefits that were impaired or taken away by the amendment. A vested right is "a title, legal or equitable, to the *present or future* enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." *La-Z-Boy Chair Co.*, 983 S.W.2d at 525 (*quoting Fisher v. Reorganized School Dist.*, 567 S.W.2d 647, 649 (Mo. banc 1978)) (emphasis added). Vested rights are settled or absolute, more than a "mere expectation based upon an anticipated continuance of the existing law." *Id.*

Under the Missouri Employment Security Law, a claimant does not have a right to receive unemployment benefits for a particular week until the claimant is deemed entitled to benefits. Section 288.070.4. After initially filing for unemployment compensation, the claimant must file weekly claims, which are reviewed by a deputy who makes a written determination as to whether the claimant is entitled to benefits for that week. *Id.* In this case, Martin applied for benefits on April 20, 2011, and was given a benefit year start date of April 17, 2011. As such, Martin's right to receive unemployment benefits in 2011 vested, at the earliest, on April 17, 2011. Because the constitutional limitation on retroactivity prohibits laws that impair or remove vested rights, and Martin's rights to unemployment benefits did not vest until after Section 288.040.9 was enacted, the application of Section 288.040.9 to Martin's claim is not unconstitutionally retrospective.

**B.** *Due process claims*

■ Having rejected the claim of error based upon retrospective application of Section 288.040.9, we now turn to Martin's claim of error that she was denied the fundamental notice required by due process. Martin asserts two deficiencies in the notice required to be given by the Division of Employment Security. First, Martin suggests that she was deprived of due process because she was not given notice of the amount of the outstanding penalty, $11.02. Second, and in our opinion, more significant, Martin asserts due process required that she be provided notice that the statutory amendment to Section 288.040.9 rendered her ineligible for benefits even though at the time Martin was assessed the penalty, no such eligibility requirement existed.

We reject Martin's contention that due process requires she receive notice that she had an outstanding balance on her fraud penalty, or the amount of such balance. Martin cites no authority for the proposition that the Commission must consider her lack of notice of the outstanding balance when making its determination for eligibility of benefits. Moreover, the record shows that Martin had notice of the penalty. On January 17, 2007, the Division notified Martin through its Deputy's Determination of Penalty that she was being assessed a penalty of $96.50. Additionally, on March 28, 2007, the Division intercepted Martin's income tax refund of $85.48 and applied it to the penalty. We acknowledge that Martin claims she never received the Determination of Penalty and was unaware that the State seized her tax refund. We defer to the Commission's determination, however, with respect to witness credibility. *Ernst*, 264 S.W.3d at 671. The Commission did not find Martin's claims to be credible, and we will not disturb that finding. The record contains

sufficient evidence that Martin was given notice that she owed a fraud penalty of $96.50 and the State applied her income tax refund of $85.48 toward the penalty, leaving an outstanding unpaid balance of $11.02.

 Martin further alleges, however, that she should have been given notice of the statutory amendments and the impact of those amendments on her eligibility when she applied for benefits on April 20, 2011. Martin argues that the failure to provide such notice "points to the lack of due process in this case."

We are troubled by the facts presented here. Had Martin been given notice of the penalty deficiency when she applied for benefits in April 2011, she could have paid the minimal balance and regained her eligibility to receive unemployment benefits prior to July 2011. However, whether due process required the Division to give such notice is an issue we do not reach here. Martin did not brief this issue on appeal, except for an unsupported assertion that due process required her to be notified in April 2011 that the new law would make her ineligible until she paid her outstanding penalty. Under Rule 84.04, "it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Hankins v. Reliance Automotive, Inc.*, 312 S.W.3d 491, 494 (Mo.App. E.D.2010) (*quoting Blakey v. AAA Prof'l Pest Control, Inc.*, 219 S.W.3d 792, 794 (Mo.App. E.D.2007)). "Appellate courts are not permitted to speculate on an appellant's arguments because, to do so would cast the court in the role of an advocate for the appellant." *Id.* Here, Martin fails to support her contention with relevant authority or argument beyond conclusory statements. "Mere conclusions and the failure to develop an argument with sup-

port from legal authority preserve nothing for review." *Id.* at 495 (*quoting Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 584 (Mo.App. E.D.2009)). As such, we decline to consider the issue on appeal. Point denied.

*Conclusion*

After reviewing the record, we find the Commission's decision is supported by competent and substantial evidence. Accordingly, we affirm.

LAWRENCE E. MOONEY and PATRICIA L. COHEN, JJ., Concur.