**William R. NEWMANN, d/b/a, Goodfellow Auto Sales & Salvage Service, Inc., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 71829.**

Supreme Court of Missouri,
En Banc.

March 13, 1990.
Rehearing Denied April 17, 1990.

---

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

Richard P. Dorsey, Reginald P. Bodeux, St. Charles, for respondent.

COVINGTON, Judge.

The Director of Revenue determined that the registrations of William R. Newmann as a motor vehicle dealer and salvage dealer were subject to suspension or revocation under Chapter 301, RSMo 1986, and revoked Newmann's registrations for six and one-fifth months. Newmann petitioned for review before the Administrative Hearing Commission. After entering a stay and holding a hearing, the Commission ordered Newmann's registration suspended for fifteen days. The Director appealed to the Missouri Court of Appeals, Eastern District, claiming the Commission was without authority to modify the penalty imposed by the Director. The eastern district affirmed the decision of the Commission. On application for transfer to this Court the Director, for the first time during the pendency of the proceedings, claimed that the Commission was without jurisdiction to review the Director's order suspending dealer registration. The Court agrees that the Administrative Hearing Commission had no jurisdiction to review the Director's order. The appeal is dismissed.

The issue is whether a person aggrieved by a decision of the Director of Revenue, rendered after notice and hearing, is entitled to another level of administrative review. The question has recently been answered in *APC, Inc. v. Director of Revenue*, 770 S.W.2d 481 (Mo.App.1989). In *APC*, as here, the Director ordered revocation of registrations pursuant to § 301.257.1, RSMo 1986. APC contended that § 621.050, RSMo 1986, which provides a right of review before the Administrative Hearing Commission of disputes involving certain state agencies including, in some instances, the Department of Revenue, gave APC a right of appeal to the Administrative Hearing Commission from disputes arising under Chapter 301. The western district held that APC was not entitled to a second level of administrative review of a decision rendered by the Director of Revenue under Chapter 301 after notice and a hearing. In order to preserve a right to judicial review under § 536.100, RSMo 1986, APC was required to exhaust its right to administrative review. *APC, Inc.*,

770 S.W.2d at 482. Under § 301.257, RSMo 1986, therefore, a hearing before the director was required. *Id.* Citing the reasoning of *Labrayere v. Goldberg*, 605 S.W.2d 79 (Mo. banc 1980), the court in *APC* held that there is no right to appeal to the Administrative Hearing Commission where the law otherwise provides for notice and hearing before an administrative body. "*APC, Inc.'s* contention here would result in separate hearings on the same subject before the director of revenue and the administrative hearing commission, a procedure which *Labrayere* expressly states is not provided under § 621.050." *APC*, 770 S.W.2d at 483.

This Court agrees with the analysis and holding of *APC*. In oral argument before this Court Newmann conceded the correctness of *APC* but seemed to contend that § 621.050, RSMo 1986, when read in conjunction with § 301.257, RSMO Supp.1984, gave him a right of appeal to the Administrative Hearing Commission because his case arose in 1985. He noted that *APC* was decided under § 301.257.1, RSMo 1986 (repealed 1989). Newmann has not posited in written form before this Court any of his contentions, so review is not merited. This Court has considered Newmann's oral contentions, however, as best the Court can comprehend them, and determines that the 1986 amendment was without effect on the issue presented; even by application of § 301.257, RSMo Supp.1984, Newmann could not properly obtain review in the Administrative Hearing Commission.

The Court holds that the Administrative Hearing Commission had no jurisdiction to hear Newmann's case. It is not necessary, as a consequence, to reach the question of whether the Commission was authorized to modify the revocation imposed by the Director. The appeal from the Administrative Hearing Commission is dismissed and the decision of the Director of Revenue ordered reinstated.

All concur.